█ MILTON LANGLEY, JR., Respondent, v. CITY OF NEW YORK, Appellant. — In an action to recover damages for false arrest and false imprisonment, defendant appeals from a judgment of the Supreme Court, Kings County, entered December 21, 1971 upon a jury verdict in favor of plaintiff. Judgment reversed, on the law and the facts, without costs, and complaint dismissed. At about midnight on May 18, 1966 the police of the defendant city went to a gas station in response to a call, where the attendant told them that two men, one armed with a pistol, had attempted to rob him. He stated that a struggle ensued during which he seized the gun and threw one of the men through a glass door and that the two men then ran away. The attendant examined "mug" shots but was unable to make a positive identification. Approximately two weeks later the attendant, while on an errand for his employer at a nearby automobile agency, saw plaintiff, an employee of that establishment, and recognized him to be the man he had struggled with. He called the police and plaintiff was taken into custody. Both plaintiff and the attendant were questioned by the police and by an Assistant District Attorney who was summoned to the station house. Plaintiff denied his guilt and it was established that he had reported to work on the morning following the robbery. The attendant was unwaivering in his identification throughout the proceedings. Plaintiff was arrested, arraigned, held for the Grand Jury and ultimately indicted. Approximately seven months later he was acquitted after a jury trial. In our opinion, a verdict should have been directed in favor of defendant at the close of the evidence. The powers of arrest of a police officer were governed by section 177 of the Code of Criminal Procedure, which provided, insofar as relevant: "A peace officer may, without a warrant, arrest a person * * * 4. When he has reasonable cause for believing that a felony has been committed, and that the person arrested has committed it, though it should afterward

appear that no felony has been committed, or, if committed, that the person arrested did not commit it ". There is no serious question here that there was reasonable cause to believe that a felony had been committed. Thus, the question of false arrest turns upon the issue of whether the facts were such as to constitute reasonable cause to believe that plaintiff had committed the felony. In our opinion, the evidence adduced at the trial, in particular the fact that the victim of the crime, who was apparently trustworthy and had no reason to lie, made a positive identification of plaintiff, established as a matter of law that there was such reasonable cause (*Stearns* v. *New York City Tr. Auth.*, 24 Misc 2d 216, 219, affd. 12 A D 2d 451; *Saunders* v. *State of New York*, 14 Misc 2d 881; *Day* v. *Levine*, 181 App. Div. 261, 262–263, affd. 228 N. Y. 588; *Davenport* v. *New York Cent. & Hudson Riv. R. R. Co.*, 149 App. Div. 432). The fact that plaintiff was ultimately acquitted does not negate the existence of reasonable cause at the time of the arrest (*Schultz* v. *Greenwood Cemetery*, 190 N. Y. 276, 278). Moreover, it is well settled that the holding of an accused by a Magistrate for the Grand Jury, and a subsequent indictment, raise a presumption that the arresting officer had reasonable cause to believe that the accused was guilty of the crime charged. The effect of such a presumption can be overcome only by a showing of fraud, perjury or suppression of evidence by the arresting officer (*Morgan* v. *New York Cent. R. R. Co.*, 256 App. Div. 177; *Dixson* v. *State of New York*, 30 A D 2d 626; *Schultz* v. *Greenwood Cemetery*, 190 N. Y. 276, 281, *supra*). No such proof was offered by plaintiff. Martuscello, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.