■    In the Matter of BRIAN W. (ANONYMOUS), Appellant.—Appeal from an order of the Family Court, Kings County, dated May 2, 1974, which, upon an adjudication that appellant is a juvenile delinquent, made after a hearing, placed him on probation for a period of two years. Order reversed, on the law and the facts, without costs, and new hearing ordered. With commendable candor, the Corporation Counsel has conceded that the record

of the hearing in the Family Court fails to contain evidence sufficient to establish probable cause for the search of appellant by a school security guard, which search resulted in the seizure of a loaded revolver. During the direct examination of the security officer, the court sustained certain objections made by appellant's Law Guardian to questions designed to elicit the substance of a telephone conversation between the officer and appellant's teacher, apparently upon the ground that such testimony would constitute hearsay. Those rulings constituted error which require a new hearing rather than a dismissal of the proceeding. It was proper for the security officer to testify as to what information was imparted to him by the teacher. Such statements fall into an exception to the hearsay rule. They are received not for their truth, but rather merely to show that they were in fact made and thereby to indicate the state of mind of the hearer (Richardson, Evidence [Prince, 10 ed], §§ 203, 205). Statements made to a witness are admissible for the purpose of showing the information upon which the witness acted and thereby to establish probable cause for his acts *(Bacon v Towne,* 58 Mass 217; *Heyne v Blair,* 62 NY 19; *Barbagallo v Americana Corp,* 25 NY2d 655). Martuscello, Acting P. J., Latham, Cohalan, Christ and Shapiro, JJ., concur.