**Robert W. JOHNSON, Plaintiff,**

v.

**The CITY OF NEW YORK et al., Defendants.**

**No. 71 Civ. 763.**

United States District Court, S. D. New York.

Aug. 13, 1975.

---

Brent & Berkowitz, New York City, for plaintiff; George A. Berkowitz, New York City, of counsel.

W. Bernard Richland, Corp., Counsel, City of New York, New York City, for defendants; Paul Aronow, East Meadow, of counsel.

## OPINION

IRVING BEN COOPER, District Judge.

Plaintiff brings this action for damages against the City of New York and certain of its police officers alleging false imprisonment and malicious prosecution. The jurisdiction of this Court is based on diversity of citizenship pursuant to 28 U.S.C. § 1332. Pursuant to our direction, this case was tried to the Court on the issue of liability only (all counsel consented). For the reasons set forth below, we find in favor of defendants.

Barbara Yelverton was murdered early in the afternoon of December 28, 1969 at One Washington Square Village in New York City. The homicide was not discovered until January 6, 1970 when the tenant of the apartment and a friend of the victim returned from a vacation and found the body lying in the living room. Miss Yelverton had been struck repeatedly with a ceramic pot and her throat had been slashed with a knife. She had also been stabbed in four other places about her neck and head. Red ceramic particles were removed by the police from her scalp and clothing; in the apartment were found two ceramic flower pots, one broken in four pieces. (Ex. 4A, p. 8; Ex. 4B, pp. 13, 20; Ex. 5, pp. 10–12, 19–20; Ex. 6)

The police began their investigation by examining the scene of the crime and questioning several persons who had known the victim. Plaintiff was questioned by the police on January 7 and again on January 16, 1970. He told them several things: that he was the proprietor of the Village Itch, a restaurant located at West Tenth and Hudson Streets in New York City; he had known

the victim for about four years and at the time of her murder she had been working as a waitress at his restaurant; during the period shortly before her murder he had been using her apartment on East Third Street to sleep in and kept some clothes there; she had worked at the restaurant on Saturday, December 27 and they left together early in the morning on December 28; they shared a cab as far as Sixth Avenue and he continued on to the East Third Street apartment alone; and that was the last time he saw her alive. (Ex. 4A, pp. 24–25; Ex. 4B, pp. 19–20; Ex. 7, p. 4)

On January 16, 1970 plaintiff was arrested and charged with homicide; he was then booked, jailed and arraigned. The grand jury, however, did not indict him, and on February 17, 1970, the charges against plaintiff were dismissed and he was released. Plaintiff subsequently began the instant action. No one else was ever arrested for the murder.

■ At the outset the claim of malicious prosecution must be dismissed. A distinct and essential element of the cause of action is malice, which must be proved as an independent fact in order for the claimant to sustain his action. *Krafft v. State of New York*, 52 Misc.2d 35, 275 N.Y.S.2d 109, 113 (1966). Plaintiff's proof here completely lacks even a suggestion of improper motive by the police or prosecutors in arresting and attempting to indict him.

■■ Malice is not an essential element of an action for false imprisonment; however, justification including "reasonable cause" is a proper defense that may be proven by defendants. The following formulation of reasonable cause is used in the New York courts: where an officer, in good faith, believes that a person is guilty of a felony, and his belief rests on such grounds as would induce an ordinarily prudent and cautious man, under the circumstances, to believe likewise, he has such probable cause for his belief as would justify him in arresting without a warrant. *Smith*

*v. County of Nassau*, 34 N.Y.2d 18, 355 N.Y.S.2d 349, 353, 311 N.E.2d 489 (1974). The question before us then is whether, bearing that standard in mind, the police had reasonable cause for plaintiff's arrest. We find that they did.

■ The facts which we find justify plaintiff's arrest are these: (1) On January 16, 1970 plaintiff identified a pair of shoes taken from Miss Yelverton's East Third Street apartment as his. The Medical Examiner had previously examined those shoes and found red ceramic particles in their soles. The Examiner determined that those particles were similar to the particles removed from the scalp of the victim and also similar to the particles removed from the bathroom at the scene of the crime in Washington Square Village. (Ex. 5, pp. 9–10, 13–17) (2) Inconsistencies were found in plaintiff's explanation of his activities on the day of the murder. For instance, plaintiff told the police with positiveness that on the morning of December 28, a Sunday, he had stopped at a certain store to pick up some nuts and fruit for his restaurant. Upon investigation the police found that that store had actually been closed that entire day. (Ex. 4B, p. 19) (3) On or about January 12, 1970 plaintiff completely failed the lie detector test. (Ex. 4B, pp. 35–36) We add that plaintiff's testimony at trial was weak, shabby and totally unconvincing. On the basis of all these factors we can only conclude that the police were entirely justified in placing plaintiff under arrest.

■ Plaintiff argues that defendants have not shown any motive for the murder and emphasizes that the grand jury did not return an indictment against him. However, the law does not require that defendants prove motive, only reasonable cause for arrest. And certainly the fact that plaintiff was not indicted does not establish false arrest and imprisonment. *Pawloski v. State of New York*, 45 Misc.2d 933, 258 N.Y.S. 2d 258, 264 (1965); *Paul v. State of New*

*York,* 40 Misc.2d 328, 243 N.Y.S.2d 104, 107 (1963).

Accordingly, in light of all the facts and circumstances referred to hereinabove, we find the defense of reasonable cause well established. The relief plaintiff seeks is denied, and the Clerk shall enter judgment in favor of defendants on all of plaintiff's claims. This opinion shall constitute our findings of fact and conclusions of law pursuant to Fed.R.Civ.P. 52(a).

So ordered.