■ JAMES E. TOENIS, an Infant, by His Parent and Natural Guardian, HELEN TOENIS, et al., Appellants, v FRANCIS J. HOMMEL et al., Defendants, and TOWN OF HUNTER, Respondent.—Appeal from an order of the Supreme Court at Special Term, entered October 29, 1976 in Greene County, which granted a motion by defendant, Town of Hunter, for summary judgment dismissing the complaint. In this action for false arrest and false imprisonment, plaintiffs seek damages arising out of their arrest by the Town of Hunter Police Department on October 5, 1974 for criminal trespass in the third degree, a misdemeanor. They were arrested without a warrant by Police Officer Warren Knaust of the Town of Hunter Police Department on the complaint of defendants, Francis J. Hommel and Anna Beth Hommel, that plaintiffs had broken into their automobile. The plaintiffs were arrested after the Hommels positively identified them as the individuals whom they had accosted in the automobile. The plaintiffs were released from custody several hours after their arrest when two other persons were charged with the crime. When an arrest is made without a warrant, as here, a presumption arises that it was unlawful, and the burden of proving justification is cast upon the defendant (Smith v County of Nassau, 34 NY2d 18). CPL 140.10 provides that a police officer may arrest a person without a warrant when he has "reasonable cause" to believe such person has committed a crime. In Smith v County of Nassau (supra, p 25), the Court of Appeals stated: "In many cases where the victim has made a 'positive identification', the circumstances may be such as to warrant a court's finding of reasonable cause as a matter of law". In our view of this case the circumstances under which the "positive identification" was made supports the court's finding of reasonable cause as a matter of law. We must distinguish between the

liability of a victim as opposed to the liability of the arresting authority. It is undisputed that a crime was committed and reported by Anna Beth Hommel to a police officer of the defendant, Town of Hunter. It thus became the duty of the police officer to investigate the crime and ascertain the identity of the perpetrators and, if reasonable cause existed, make necessary arrests. Here no arrest was made until each of the plaintiffs was positively, albeit mistakenly, identified as the culprits by each of the victims on separate occasions and only after the victims each made sworn statements to the police identifying the plaintiffs by name as the criminals. Moreover, there was no discrepancy in the physical description of the perpetrators herein as existed in *Smith,* and caused the Court of Appeals to refuse to find as a matter of law that there was reasonable cause to believe that the plaintiff had committed the crime. In the case at bar, the Hommels believed they knew who the culprits were and where they worked and lived. Thus it was reasonable for Officer Knaust to believe that the identification was correct since it would obviously be easier for the Hommels to recognize one they already knew than a person whom they had never seen before, as was the situation in *Smith.* The order of Special Term should be affirmed. Order affirmed, without costs. Greenblott, J. P., Sweeney, Main, Mikoll and Herlihy, JJ., concur.