NELSON F. VERAS, Respondent, v TRUTH VERIFICATION CORPORATION et al., Defendants, and CITY OF NEW YORK, Appellant.

First Department, June 24, 1982

APPEARANCES OF COUNSEL

*Charles E. Dropkin* of counsel (*Richard P. Swanson* with him on the brief; *Frederick A.O. Schwarz, Jr., Corporation Counsel,* attorney), for appellant.

*Wilson G. Graves* of counsel (*Lawrence M. Saiewitz,* attorney), for respondent.

OPINION OF THE COURT

FEIN, J.

In this action for false imprisonment arising out of the arrest of the plaintiff on August 27, 1976 for criminal

possession of merchandise allegedly stolen from his employer, defendant Paul Reed, Inc. (Reed), the jury reported a verdict in favor of plaintiff against the City of New York only, in the sum of $8,000. The city's motion for judgment notwithstanding the verdict was denied. The facts leading up to the arrest stand undisputed. Because of thefts of its merchandise, Reed, a clothing manufacturer, hired defendant Truth Verification Corp. (Truth) to investigate. Truth hired one Rafael Cosme and placed him in the employ of Reed as an undercover agent. Cosme made several reports to Truth that people working for Reed were offering for sale items of merchandise stolen from Reed and other manufacturers.

On July 10, 1976, Cosme made an undercover purchase of 11 pairs of ladies pants bearing the Reed label from plaintiff at the latter's apartment. Cosme brought the pants to a principal of Reed who examined them and the style number they bore. He checked the style number. Since none of that number had been shipped, he concluded that plaintiff had illegally possessed the pants.

Some time later, while Cosme was continuing to investigate and make purchases of stolen goods from other individuals, Jessiah Jacobson of Truth spoke to Detective Gordon McEwan of the New York City Police Department's Safe, Loft and Truck Squad, which is responsible for combatting crime in the garment district, and advised him of the investigation. After some discussion with Jacobson and another employee of Truth, McEwan spoke to Cosme and learned of the details of the private investigation including the purchase from plaintiff. Cosme also showed McEwan items he had purchased from two other employees of Reed. That evening Cosme made additional purchases from two employees of Reed at their apartments while McEwan waited outside. These two employees were arrested, and both agreed to turn State's evidence.

On August 27, after being advised by Truth that its investigation was being completed, McEwan met in Truth's office with Cosme, Jacobson and another employee of Truth. Cosme reviewed his investigation, confirmed the purchase from plaintiff and turned over 11 pairs of pants to Detective Edgar Jones. The detectives then took the pants

to Reed for identification. After advising plaintiff of his rights, Jones placed him under arrest. This arrest concluded Cosme's investigation.

Plaintiff was taken to the police precinct, booked and released on his own recognizance. He was given a desk appearance ticket returnable September 13, 1976, charging him with possession of stolen property, a misdemeanor. On September 13, Cosme, Detective Jones and Bernard Levy (a principal of Reed) appeared at Criminal Court, where Cosme signed an affidavit swearing he had purchased pants from plaintiff on July 10, 1976. Levy signed an affidavit that plaintiff had no right to possess the pants at the time of that sale.

The prosecution was ready to proceed. However, the case was adjourned a total of four times and was finally dismissed on October 19, 1976 for failure to prosecute when Cosme failed to appear.

This action followed the dismissal. The Trial Judge dismissed the malicious prosecution aspect of plaintiff's complaint for failure of proof. He submitted the false arrest claim to the jury, after denying the city's motion for a directed verdict. The jury found for defendants Reed and its employees but returned a verdict for $8,000 against the city.

The city's motion for judgment notwithstanding the verdict, on the ground that members of the police department were justified in arresting plaintiff as a matter of law, was denied. In denying the motion, the Trial Judge ruled that there were questions of fact, which he did not delineate, concerning the arrest which required that the issue of probable cause or reasonable ground for suspicion be submitted to the jury.

■ We disagree. On the facts which are not in dispute, the police had probable cause to arrest plaintiff as a matter of law. Plaintiff points to no relevant factual dispute. However, he asserts that there is a factual issue because the police officers did not witness the commission of the crime and because of Cosme's failure to testify. He contends that the testimony by the police detectives concerning their conversations with Cosme was hearsay which

should have been excluded, and that in the absence of Cosme's testimony there was no reasonable ground or probable cause for the arrest.

Whenever there has been an arrest and imprisonment without a warrant, the presumption is that such arrest and imprisonment are unlawful (*Smith v County of Nassau,* 34 NY2d 18, 23). The defendant has the burden of proving legal justification as an affirmative defense (*Broughton v State of New York,* 37 NY2d 451, cert den *sub nom. Schanbarger v Kellogg,* 423 US 929). As that case holds, justification is established by showing that the arrest was based on probable cause. In this context the terms "reasonable cause", "reasonable grounds" and "probable cause" are properly used interchangeably.

Where the facts leading up to the arrest are undisputed, the existence of probable or reasonable cause to make the arrest is for the court as a matter of law (*Burns v Erben,* 40 NY 463; *Toenis v Hommel,* 59 AD2d 1000; *Freedman v New York Soc. for Suppression of Vice,* 248 App Div 517, affd 274 NY 559; *Day v Levine,* 181 App Div 261, affd 228 NY 588). *Day* (*supra*) is on all fours with this case. There the plaintiff, an elevator operator, was arrested at the place of his employment for stealing seven suits from his employer's clothing factory, based on information furnished to the police by a fellow employee who stated he had actually seen the plaintiff remove the clothes from the employer's premises. This court reversed a jury verdict in favor of the plaintiff and dismissed the false arrest claim, stating (p 262): "It is the settled law applicable to this class of cases 'that where there is no dispute about the facts, the question of the existence of probable cause, or, as generally stated, the absence or want of probable cause, is a question for the court and not [f]or the jury.'"

Only when the defense of probable cause is based upon conflicting evidence, from which reasonable persons might draw different inferences, is the question for the jury (*Smith v County of Nassau, supra; Clark v Nannery,* 292 NY 105).

Reasonable or probable cause varies depending upon the vagaries of each case, so that a tight, narrow definition is of no aid (*People v Coffey,* 12 NY2d 443, cert den 376 US 916).

There Chief Judge DESMOND quoted (p 451) from the CJS summary of decisional law: " 'Where an officer, in good faith, believes that a person is guilty of a felony, and his belief rests on such grounds as would induce an ordinarily prudent and cautious man, under the circumstances, to believe likewise, he has such probable cause for his belief as will justify him in arresting without a warrant.' " (See 6A CJS, Arrest, § 22.) The statutes are in accord.

CPL 70.10 (subd 2) provides: " 'Reasonable cause to believe that a person has committed an offense' exists when evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it. Except as otherwise provided in this chapter, such apparently reliable evidence may include or consist of hearsay."

CPL 140.10 (subd 1, par [b]) provides that an officer may arrest a person without a warrant for a crime "when he has reasonable cause to believe that such person has committed such crime, whether in his presence or otherwise." The existence of reasonable cause does not require "certitude" that a crime has been committed by the person being arrested (*People v Cunningham,* 71 AD2d 559, 560, affd 52 NY2d 927). The evidence necessary to establish probable cause to justify an arrest need not be sufficient to warrant a conviction (*People v Miner,* 42 NY2d 937). As this court has stated, "Our inquiry is whether the facts were such as to warrant a belief of guilt in a reasonable and prudent man. A judgment so formed by a police officer may be based upon hearsay evidence, upon suspicious circumstances, upon probabilities." (*People v Horowitz,* 27 AD2d 367, 368, remitted for further hearings 21 NY2d 55.) The uncontradicted evidence on this trial demonstrates as a matter of law that the officers had reasonable grounds to make the arrest of plaintiff.

It is undisputed that plaintiff was an employee of Reed, that Reed was experiencing thefts of merchandise, that Reed hired Truth to investigate, that Truth employed and placed Cosme as an investigator at Reed, that Cosme

discovered Reed was being systematically looted, that Cosme informed his employer and Reed that he had purchased 11 pairs of Reed pants from plaintiff at the latter's apartment, that the pants bore Reed's label and style number and had not been shipped out, that Cosme and Reed and the investigating firm all advised Detective McEwan of what had occurred, that Cosme specifically advised McEwan of his purchase of the pants from plaintiff, that Cosme led McEwan to two apartments where Cosme made additional purchases of stolen clothes on the basis of which McEwan made two arrests for criminal possession of stolen clothing, that the parties arrested by McEwan (based on Cosme's information) turned State's evidence, that Cosme confirmed again to McEwan and Jones and other police officers that he had made the purchase from plaintiff of Reed's clothing, that Cosme turned over the pants he had purchased from plaintiff to the police, that the pants were identified as belonging to Reed, that Cosme executed a sworn affidavit confirming the purchase, and that Levy executed an affidavit that the pants had been stolen. Plainly there was a reliable informant, whose information was credible, who provided reasonable grounds to make the arrest (*Day v Levine, supra; Toenis v Hommel, supra*).

█ The testimony by the police officers concerning Cosme's investigation and activities was properly admissible as an exception to the hearsay rule to show the officers' state of mind (*Matter of Brian W.*, 48 AD2d 660; Richardson, Evidence [10th ed], § 205). The testimony is admissible not for its truth, but rather to show what was said to the police and how it provided them with information sufficient for a belief that a crime had been committed, thereby justifying an arrest (Richardson, Evidence [10th ed], §§ 200, 203, 205). It is well settled that a lawful arrest can be based on hearsay, and that the police may testify as to hearsay statements to demonstrate reasonable cause for an arrest (*Draper v United States*, 358 US 307; *People v Coffey, supra; People v Horowitz, supra;* CPL 70.10).

Since Detectives McEwan and Jones had reasonable cause to arrest plaintiff as a matter of law, the trial court should have dismissed plaintiff's action against the city, or

granted judgment to the city dismissing the complaint notwithstanding the verdict, as we now direct.

The judgment, Supreme Court, New York County (T. MURPHY, J.), entered April 10, 1981 in favor of plaintiff against the City of New York pursuant to a jury verdict, and order, Supreme Court, New York County (MURPHY, J.), entered November 23, 1981, denying the City of New York's motion for judgment notwithstanding the verdict, should be reversed, on the law, without costs, the motion should be granted and the complaint dismissed.

SULLIVAN, J. P., MARKEWICH, BLOOM and ASCH, JJ., concur.

Judgment, Supreme Court, New York County, entered on April 10, 1981, and order of said court, entered on November 23, 1981, unanimously reversed, on the law, the motion for judgment notwithstanding the verdict granted and the complaint dismissed, without costs and without disbursements.