**Kenneth BROADAWAY, Jacqueline Cooper and David Sauer, Plaintiffs,**

v.

**CITY OF NEW YORK, New York City Police Department, Robert McGuire, Commissioner, Police Officers "John", first names being unknown, McCarthy, Karas, Gallo, McCullough, Doyle, Maggio and the Warwick Hotel, Defendants.**

**No. 83 Civ. 3119 (RWS).**

United States District Court, S.D. New York.

Jan. 18, 1985.

Cooper & McElligott, Deer Park, for plaintiffs; Bryan P. Kujawski, Deer Park, N.Y., of counsel.

Frederick A.O. Schwarz, Jr., Corp. Counsel of City of N.Y., New York City, for defendants; Jonathan Weinberger, New York City, of counsel.

## OPINION

SWEET, District Judge.

Plaintiffs Kenneth Broadaway ("Broadaway") and David Sauer ("Sauer") have moved for partial summary judgment on their claim for false arrest against the City of New York, the New York City Police Department (collectively "the City"), Robert McGuire, Commissioner (the "Commissioner"), Police Officers "JOHN", first names being unknown, McCarthy ("McCar-

thy"), Karas ("Karas"), Gallo ("Gallo"), McCullough ("McCullough"), Doyle ("Doyle"), Maggio ("Maggio") (collectively "the Officers"). The Warwick Hotel (the "Hotel") is also a defendant but not a subject of the motion. Upon the findings and conclusions and conditions set forth below, the motion will be granted with leave granted the defendants to move to vacate within thirty (30) days during which time the entry of partial summary judgment will be stayed.

This action demonstrates that "a policeman's lot is not a happy one" [1] when confronted with a difficult on-the-spot decision. Here, unfortunately, the undisputed facts establish that the wrong decision was reached. At the outset, however, it must be noted that in the absence of any pattern or practice, or evidence of any personal involvement by the Commissioner, the partial summary judgment can be entered only against the Officers and not the City or the Commissioner.

### The Facts

On August 27, 1982 Jacqueline Cooper, Lois Sanders, Broadaway and Sauer checked into the Hotel in Manhattan without prior reservations. They filled out registration cards. Lois Sanders used the name Ann Lois Pausian in filling out her card and submitted an American Express card bearing the same name. The clerk took the card, and the four registrants went upstairs to the suite which had been assigned, Rooms 1606–7–8.

The clerk ascertained from American Express that the card was counterfeit. American Express requested that the police be notified, and they were. Karas and McCarthy responded, and Karas spoke to an American Express representative. They were advised by the Hotel employees that the four guests had all signed into the Hotel using the same credit card. Karas and McCarthy went to the suite.

Upon entering Karas stated that there was a problem with the card and asked Lois Sanders ("Pausian") where the forged

1. W.S. Gilbert, *The Pirates of Penzance,* 1879.

card had been obtained. Sauer and Broadaway were advised that they were in the suite illegally and that the credit card was forged. Neither reacted to any of these statements or the use of the name Pausian. Lois Sanders produced the card.

McCarthy noted that Sauer and Broadaway were "suspiciously calm." Karas noted their statement that they were in the suite for a business purpose and that their answers were evasive. As Karas put it:

> The fact that they didn't respond led me to believe at this point that they were acting in concert, they were all knowingly in that room together, so I—based on that information, they were placed under arrest.

Karas, p. 17 deposition.[2]

After the arrest, Sauer and Broadaway listed their addresses as those given at the time of registration. Lois Sanders was charged and pleaded guilty to forgery in the third degree. Sauer and Broadaway were booked and charged with theft of services, criminal trespass and criminal possession of a forged instrument and after more than twenty-four hours released and the charges dropped.

**Conclusions**

 When there has been an arrest and imprisonment without a warrant, the presumption is that the arrest and imprisonment are unlawful. The defendant has the burden of proving legal justification as an affirmative defense. *Veras v. Truth Verification Corp.*, 87 A.D.2d 381, 451 N.Y.S.2d 761 (App.Div. 1st Dept.1982); *Smith v. County of Nassau*, 34 N.Y.2d 18, 355 N.Y.S.2d 349, 311 N.E.2d 489 (Ct.App. 1974). Justification is established by showing probable cause, and where the facts leading up to the arrest are undisputed, the existence of probable cause to make the arrest is an issue for the court to decide as a matter of law. *Veras*, supra; *Toenis v. Hommel*, 59 A.D.2d 1000, 399 N.Y.S.2d 723 (App.Div. 3d Dept.1977).

 There was no probable cause for the arrest on these facts. The presence of Sauer and Broadaway in the room and their answers and their failure to react to the use of the name Pausian, even assuming the inference that the name was known by them to be false, fails to establish the vital link, reasonable grounds to believe they knew the credit card to be forged. *See United States v. DiRe*, 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210 (1948); New York Penal Law § 165.15(1). If there is something more to Officers' suspicions, it has not been stated and what has been stated is not enough.

The Officers cite *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982) to defeat the motion for partial summary judgment stating that despite a holding that no probable cause existed, "there would remain the related triable issue of whether the individual defendants are entitled to a qualified immunity because they neither knew nor should have known that their actions would violate the rights of another" *citing Harlow*. (Defendants' memorandum of law, p. 5–6). While a plunge into the thicket of qualified immunity is apt to be painful, as exemplified by *Harlow*, in view of the Officers' position it is necessary. Because a discretionary function is here involved, *Harlow* appears applicable, and the opinion notes in footnote 30 its relevance to state officials challenged in § 1983 actions.

However, in my view the totality of *Harlow*, including its expression of the desirability of disposition of these cases by summary judgment, requires the granting of partial summary judgment in this instance. To accommodate the posture of this action, which presents the other side of the *Harlow* coin, government officials performing discretionary functions are not shielded from liability for civil damages insofar as their conduct violates established statutory or constitutional rights of which a reasonable person would have known. To hold otherwise would be to conclude that every police officer making a warrantless arrest without probable cause could be held liable

---

**2.** The objection by defense counsel that the answer is unresponsive is overruled.

only if malice were demonstrated. *Harlow* and good faith do not extend that far. Of course, there is no fact present in this record to establish anything more than that the Officers erred in good faith in violating the constitutional rights of Broadaway and Sauer.

Finally, the Officers seek to defeat the motion by citing rule 56(f) and requesting additional discovery, particularly the testimony of the Warwick employees with whom they spoke on the night of the arrest. In view of the portions of the depositions of the parties which have been reviewed, it seems unlikely that additional evidence will be forthcoming which will alter the findings already set forth, but clearly the Officers must be afforded that opportunity. The entry of partial summary judgment will be stayed for thirty (30) days from the date hereof to permit additional discovery, and within that period any additional evidence may be presented by way of a motion to amend these findings and conclusions.

IT IS SO ORDERED.