■ LAWRENCE BERSON, Appellant, v CITY OF NEW YORK, Respondent.—In an action to recover damages, *inter alia,* for false arrest, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Lonschein, J.), entered March 8, 1985, which, upon a jury verdict, is in favor of the defendant.

Judgment affirmed, without costs or disbursements.

The plaintiff was arrested on two separate occasions within two weeks for having committed, *inter alia,* four rapes and one attempted assault. The *modus operandi* and descriptions of the attackers provided by the complainants were remarkably similar and the acts all occurred within the vicinity of where the plaintiff lived and worked.

The initial arrest occurred after one of the complainants viewed the plaintiff at a local supermarket where he was employed, and summoned the police. After she pointed out the plaintiff, whose appearance was consistent with the description of the attacker, the plaintiff was taken into custody. He was thereafter identified by two other complainants. The plaintiff spent the night in jail and was released on bail.

Over a week later, the plaintiff's attorney was asked to bring his client to the police station for a lineup identification in connection with two additional crimes that had occurred while the plaintiff was out on bail. The complainants posi-

tively identified the plaintiff as their assailant, and he was again arrested.

Several days later, while the plaintiff was still incarcerated, a similar rape occurred, and law enforcement efforts to positively identify the assailant were heightened. Approximately 30,000 photographs of the plaintiff were circulated throughout the New York City Police Department. Two days later, as a result of this photograph circulation, the true assailant was apprehended and he confessed to having committed every crime but one. The charges against the plaintiff were subsequently dropped.

Upon the defendant's motion for a directed verdict, the trial court indicated its belief that a case had not been made for the jury, and that the city's defense of probable cause to arrest had been established as a matter of law. In addition, it observed that the plaintiff and the assailant "were quite similar to each other. That they could be twins; they could be brothers". The court did, however, allow the case to go to the jury, which found for the defendant.

On appeal, the plaintiff argues that a reversal is warranted based upon several erroneous evidentiary rulings at trial. We find that the evidentiary rulings were not improper and hold that the city's motion for a directed verdict should have been granted, as probable cause was established as a matter of law.

When an arrest is made without a warrant, as here, a presumption arises that it was unlawful, and the burden of proving justification is cast upon the defendant *(Smith v County of Nassau,* 34 NY2d 18). CPL 140.10 provides that a police officer may arrest a person without a warrant when he has "reasonable cause" to believe such person has committed a crime. The formulation for reasonable cause has been reaffirmed several times by the Court of Appeals: " ' "Where an officer, in good faith, believes that a person is guilty of a felony, and his belief rests on such grounds as would induce an ordinarily prudent and cautious man, under the circumstances, to believe likewise, he has such probable cause for his belief as would justify him in arresting without a warrant" ' " *(Smith v County of Nassau, supra,* at p 24, quoting from *People v Coffey,* 12 NY2d 443, 451).

The plaintiff's argument that the probable cause to arrest was dissipated by discrepancies between his appearance and the description of the assailant is unpersuasive. The marked similarities in his appearance and the descriptions, as well as the five positive identifications by the complainants, provided

probable cause to arrest. Indeed, the *Smith* court recognized that "[i]n many cases where the victim has made a 'positive identification', the circumstances may be such as to warrant a court's finding of reasonable cause as a matter of law" *(Smith v County of Nassau, supra,* at p 25; *see also, Veras v Truth Verification Corp.,* 87 AD2d 381, *affd* 57 NY2d 947; *Toenis v Hommel,* 59 AD2d 1000).

Similarly unavailing is the plaintiff's claim that in the absence of an investigation into his alleged alibis, probable cause for the second arrest could not have existed. The police, faced with two additional positive identifications of the plaintiff, whose appearance was consistent with the description of the assailant, were clearly warranted in effectuating the second arrest, particularly in light of the string of attacks which had been reported *(cf. Brown v City of New York,* 92 AD2d 15, *affd* 60 NY2d 893). Weinstein, J. P., Niehoff, Lawrence and Kooper, JJ., concur.