Stacey ROBERTS, Kenneth Roberts, Infants by their mother and natural guardian Frances ROBERTS, and Frances Roberts, individually, Plaintiffs,

v.

CITY OF NEW YORK, New York City Police Department, and Guy Brunelle, Defendants.

No. 89 CIV. 2849.

United States District Court, S.D. New York.

Dec. 18, 1990.

George Nager, Law Firm of George Nager, Mineola, N.Y., for plaintiffs.

Jordan Sklar, Asst. Corp. Counsel, Office of Corporation Counsel, New York City, for defendants.

## OPINION

MOTLEY, District Judge.

Plaintiffs Stacey and Kenneth Roberts and their mother Frances Roberts brought suit against the City of New York, its Police Department and Officer Guy Brunelle alleging that Officer Brunelle, and the municipal defendants, deprived them of their civil rights under color of state law when Officer Brunelle arrested Stacey and Kenneth on April 25, 1988 without probable cause. Plaintiffs bring their action pursuant to 42 U.S.C. §§ 1983 and 1988, also alleging violations of the United States and New York State Constitutions.[1] They further allege violation of state law and seek redress for damages suffered for false arrest, false imprisonment, malicious prosecution, assault and battery, and intentional infliction of emotional distress. Frances Roberts sues for loss of services, society and comfort of her children, loss of wages, and expenses incurred in caring for her children as a result of the incident alleged. Plaintiffs seek compensatory and punitive damages, reasonable attorneys fees and costs.

This matter is now before the court on Defendants' motion for summary judgment. In order to grant Defendants' motion, this court must find that Plaintiffs have not alleged specific material facts sufficient to prevail in their claim were they proved at trial, as a matter of law.

This court disagrees with Defendants that a determination of probable cause may be made from the undisputed facts surrounding Officer Brunelle's arrest of Stacey and Kenneth Roberts on this summary judgment motion, and therefore denies summary judgment on this ground. However, this court grants summary judgment to Defendant Brunelle on the grounds of qualified immunity and to the municipal defendants on the grounds that Plaintiffs have failed to sufficiently show custom, pattern, or policy of the City of New York and the Police Department which caused the deprivation of their rights.

Further, this court refuses jurisdiction over Plaintiff's state law claims and dismisses them without prejudice.

## FINDINGS OF FACT

Taking the facts as presented with all reasonable inferences in favor of the non-moving party, the court finds as follows.

1. On April 25, 1988 Officer Guy Brunelle, of the 115th precinct, arrested Stacey and Kenneth Roberts.

2. Officer Brunelle initiated the arrest after he was approached by Iris Rojas, a taxi driver, who identified Plaintiffs as the man and woman who had robbed her at knife point several weeks earlier on April 1, 1988 and then drove away in her taxi-cab. Ms. Rojas showed the police officer the memorandum of a complaint with the complaint number on it which she had filed the day of the robbery in the 110th precinct.

3. Ms. Rojas spoke Spanish and perhaps no English. Officer Brunelle is unable to speak Spanish.

4. Ms. Rojas was with another person, a child, who performed some translation of her complaint to the officer in English and identified the Roberts' as the assailants as they shopped in a nearby candy store.

5. Kenneth and Stacey Roberts were, respectively, 16 and 17 years old at the time of the arrest. Plaintiffs asked why

---

1. Plaintiffs, specifically, allege violation of their rights pursuant to the Fourth, Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments to the United States Constitution and rights pursuant to Article I, §§ 1, 5, 6, 11, and 12 of the New York State Constitution. To the extent that these constitutional claims are independent of Plaintiffs' § 1983 claim, this court will not pass on them as they are not necessary to the disposition of the case. Further, Plaintiffs have failed to plead an adequate case with respect to any of the New York State constitutional claims and as to the Fifth, Sixth, Eighth, and Ninth amendment claims. These claims are, therefore, dismissed.

they were being arrested but were not given an answer. They allege the officer could not understand enough of what Ms. Rojas was saying to him to know specifically why he was arresting them. (Plaintiff's Trial Memorandum, at 2).

6. Officer Brunelle did not attempt to verify any of the information given to him by Ms. Rojas or her translator but proceeded to apprehend the Plaintiffs in the candy store and arrest them. This arrest was made without a warrant.

7. Subsequent to the arrest, Plaintiffs were booked in the 115th precinct. When told the particulars of the charge levied against them, Plaintiffs told Officer Brunelle they were working at the time of the robbery and assault of Ms. Rojas and gave him their employers' information to confirm their whereabouts. Officer Brunelle called and did confirm the information they gave him but retained them in the precinct and under arrest. The official report from the 110th precinct showed "gross" disparities in the physical descriptions of the perpetrators and Plaintiffs.

8. Plaintiffs were arraigned the next day and released in the custody of their mother, Frances Roberts.

9. On June 1, 1988, the case against them was dismissed after being presented to a grand jury.

10. Kenneth Roberts worked at a candy store in the community in which Officer Brunelle patrolled and had sold merchandise to him at the store. Plaintiffs were not armed nor committing any crime at the time of arrest. They possess no distinguishing physical characteristics such as a scar or limp. (Plaintiff's Trial Memorandum, at 4).

## DISCUSSION

On a motion for summary judgment, the moving party must demonstrate that "there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." Fed.R.Civ.P. 56(c); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986).

Where the facts leading up to the arrest are undisputed, the issue of probable cause to arrest may properly be decided by a court as a matter of law. Broadway v. City of New York, 601 F.Supp. 624, 626 (S.D.N.Y.1985); Veras v. Truth Verification Corp., 87 A.D.2d 381, 451 N.Y.S.2d 761 (App.Div. 1st Dept.1982).

However, "when the defense of probable cause is based upon conflicting evidence ... from which reasonable persons might draw different inferences, the question is for the jury or trier of fact." Tepperman v. N.Y. City Transit Authority, 133 Misc.2d 788, 508 N.Y.S.2d 142, 146 (1986) (citing Smith v. County of Nassau, 34 N.Y.2d 18, 355 N.Y.S.2d 349, 311 N.E.2d 489 (1974)); see also Nix v. Sweeney, 573 F.2d 998, 1001 (8th Cir.1978). "Where the facts leading up to the arrest are undisputed, the existence of probable or reasonable cause to make the arrest is determined by the Court, as a matter of law." Tepperman, 508 N.Y.S.2d at 146; Toenis v. Hommel, 59 A.D.2d 1000, 399 N.Y.S.2d 723 (3rd Dept.1977); see also Broadaway v. City of New York, 601 F.Supp. 624 (S.D.N.Y.1985). In this case, while the material facts appear to be uncontroverted, the inferences to be drawn from them could reasonably differ.

I. *Probable Cause.*

▮▮▮ Probable cause exists "where 'the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed [by the person to be arrested]." Brinegar v. United States, 338 U.S. 160, 175–76, 69 S.Ct. 1302, 1311, 93 L.Ed. 1879 (1949), quoting Carroll v. United States, 267 U.S. 132, 162, 45 S.Ct. 280, 288, 69 L.Ed. 543 (1925). See also Dunaway v. City of New York, 442 U.S. 200, 208, n. 9, 99 S.Ct. 2248, 2254, n. 9, 60 L.Ed.2d 824, 833, n. 9 (1979); Beck v. Ohio, 379 U.S. 89, 91, 85 S.Ct. 223, 225–26, 13 L.Ed.2d 142 (1964); United States v. Ceballos, 812 F.2d 42, 50 (2d Cir.1987); United States v. Fisher, 702 F.2d 372, 375 (2d Cir.1983). The evidence

to support probable cause need not be enough to support conviction but "must constitute more than rumor, suspicion, or even a 'strong reason to suspect'." *United States v. Fisher*, 702 F.2d 372, 375 (2d Cir.1985) (quoting *Henry v. United States*, 361 U.S. 98, 101, 80 S.Ct. 168, 170, 4 L.Ed.2d 134 (1959)). Facts relied upon must not be susceptible to innocent or ambiguous explanation. *Fisher*, 702 F.2d at 378.

According to New York law, an officer "may arrest a person for ... a crime when he has reasonable cause to believe that such person has committed such crime, whether in his presence or otherwise." N.Y.Crim.Proc.Law § 140.10(1)(b) (McKinney 1981) (quoted in *Camarano v. City of New York*, 646 F.Supp. 246, 250 (S.D.N.Y. 1986). "Reasonable cause to believe that a person has committed an offense" exists upon "reliable" information which, collectively, "convince[s] a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it." N.Y.Crim.Proc.Law § 70.10 (McKinney 1981) (quoted in *Camarano*, 646 F.Supp. at 250, n. 3.). The New York standard of reasonable cause is substantially the same as the federal Fourth Amendment standard of "probable cause." *Wong Sun v. United States*, 371 U.S. 471, 478 n. 6, 83 S.Ct. 407, 412 n. 6, 9 L.Ed.2d 441, 449 (1963); *United States ex rel. Gonzales v. Follette*, 397 F.2d 232, 234 (2d Cir.1968).

The question before this court is whether, on the undisputed facts before us, Officer Brunelle had reasonable cause to believe a crime had been committed and that Stacey and Kenneth Roberts committed it. This court finds that reasonable men could differ as to this issue.

■ A warrantless arrest is presumptively invalid, *Tepperman v. N.Y. City Transit Authority*, 133 Misc.2d 788, 508 N.Y.S.2d 142, 145 (1986); *Ryan v. N.Y.Tel. Co.*, 62 N.Y.2d 494, 478 N.Y.S.2d 823, 467 N.E.2d 487 (1984), and the burden of proving "reasonable cause" is on the police officer. *Broadaway v. City of New York*, 601 F.Supp. 624 (S.D.N.Y.1985); *Smith v.*

*County of Nassau*, 34 N.Y.2d 18, 355 N.Y. S.2d 349, 311 N.E.2d 489 (1974). Several factors have been cited by courts as significant to the probable cause determination.

In this case, the alleged victim identified Plaintiffs several weeks after her attack, *Tepperman*, 508 N.Y.S.2d at 143 (defendant's motion for summary judgment denied because a genuine issue of material fact existed as to whether probable cause for a warrantless arrest existed some 20 days after the alleged assault where the officer arrested Plaintiff train commuter for misdemeanor third-degree assault "based solely on a co-commuter's notarized statement and positive identification."); the police officer had no prior knowledge of Ms. Rojas and therefore no reason to know of her reliability. Plaintiffs allege, generally, that her description of the attacker showed "gross" disparities from Plaintiffs' physical characteristics. Defendants have not pled there were similar characteristics. Officer Brunelle had made no prior observations of Plaintiffs being engaged in criminal conduct nor had he knowledge that Plaintiffs had been previously suspected of criminal conduct. *See United States v. Rivera*, No. SS89–346, 1990 WL 52198 (S.D. N.Y. Apr. 18, 1990) (LEXIS, Genfed library, Dist. file) (because defendant alleged in affidavit that he was doing nothing suspicious, court remanded for a hearing on whether probable cause existed at time of warrantless arrest of defendant known to be involved in drug sales, arrested in a location where officers made prior observations of drug sales, and engaged in conduct which comported with previously observed conduct.).

Besides the victim's identification, Officer Brunelle had no reason to suspect any wrongdoing of the Plaintiffs. There can be no determination as to the language barrier between Officer Brunelle and Ms. Rojas which reasonably could have precluded Officer Brunelle from making a sound determination of probable cause. Officer Brunelle never attempted to use his radio or other police intelligence to corroborate the victim's information. Given all of these factors, a reasonable jury could find that

the totality of the circumstances surrounding Officer Brunelle's arrest of Plaintiffs and those facts known to him at the time of arrest did not constitute probable cause.

In *Smith v. County of Nassau*, 34 N.Y.2d 18, 355 N.Y.S.2d 349, 311 N.E.2d 489 (Ct. of App.1974), the court of appeals reversed a dismissal of a false arrest suit and remanded for a factual determination of probable cause. The court's analysis included factors such as: the 13-day delay between occurrence of the alleged crime and identification, a description given by the victim which was "substantially at variance" with that of plaintiff, and the police officer knew plaintiff lived in the neighborhood and had no indication he would flee "during the time it would have taken to obtain a warrant."

> We conclude that these are facts from which reasonable men might draw different inferences, particularly on the crucial issue of the reasonableness of the officer's complete reliance upon the identification to support his belief that plaintiff had committed the felony.

*Id.* 355 N.Y.S.2d at 352–54, 311 N.E.2d at 492–94. The court concluded that it could not, as a matter of law, determine whether the officer had acted reasonably and, therefore, had probable cause to arrest.

Finally, in *Dabbs v. State*, 88 A.D.2d 1093, 452 N.Y.S.2d 915 (3d Dept.1982), the court held that a witness's statement identifying Plaintiff, the rape victim's selection of Plaintiff's photo and tentative identification of him as the culprit, and Plaintiff's resemblance to composite drawing did not constitute probable cause for a warrantless arrest.

Notwithstanding any language barrier which may have existed between the victim and Officer Brunelle, it appears to be a question for the factfinder whether there was probable cause to arrest here. Adding the questionable level of communication between these principal actors, a finding of probable cause without a proper fact hearing is inappropriate.

While it is reasonable to surmise that, at the time of the incident, Officer Brunelle was made to understand the gist of Ms. Rojas' complaint: she spoke Spanish and some broken English, she had an interpreter with her, she had the memorandum of a complaint with a number on it, reasonable people may disagree. Taken together, this information could have led a reasonable officer to suspect a crime had been committed.

It is even more questionable whether the information could have led a reasonable officer to believe that the crime had been committed by *these Plaintiffs*. This is an integral part of the probable cause determination.

■ There is little support in the case law that *a mere identification* by the victim constitutes probable cause and a defense to a false arrest suit. Where there is case law, they were not decided at summary judgment. *See, e.g., Langley v. City of New York*, 40 A.D.2d 844, 337 N.Y.S.2d 460 (2d Dept.1972), (court finds positive identification by the victim who was "apparently trustworthy and had no reason to lie" sufficient to overturn a jury verdict for the Plaintiff on the law and facts finding that the evidence "established as a matter of law that there was ... reasonable cause" which could not be negated because Plaintiff was subsequently acquitted of the charges. *Id.* 337 N.Y.S.2d at 462.).

Defendant Officer Brunelle argues that probable cause did exist and, therefore, Plaintiffs have no cause of action. They cite *Greene v. Brown*, 535 F.Supp. 1096 (E.D.N.Y.1982), for the proposition that probable cause can be founded on hearsay statements as well as an eyewitness' identification. Given this, they assert, surely Ms. Rojas' identification of Plaintiffs was sufficient. *See* Defendants' Trial Memorandum, at 9. Defendant's reliance is misplaced. The facts of the *Greene* case differ in that probable cause was not sustained solely on the identification of the victim but also on corroborative evidence of neighbors who witnessed an altercation between plaintiff and defendant earlier on the day of the alleged assault, as well as the police officer's own observation of the instrumentality of assault at the victim's

premises. 535 F.Supp. at 1101. There was no such corroborating evidence in this case.

## II. *Qualified Immunity.*

■■ To establish a right to qualified immunity Officer Brunelle must show that "it was not clear at the time of the official acts that the interest asserted by the plaintiff was protected by a federal statute or the Constitution;" or that "it was not clear at the time of the acts at issue that an exception did not permit those acts;" or that "it was objectively reasonable for [the officer] to believe that his acts did not violate [plaintiff's] rights." *Krause v. Bennett,* 887 F.2d 362, 368 (2d Cir.1989) (quoting *Robison v. Via,* 821 F.2d 913, 920–21 (2d Cir.1987)). Plaintiffs must show, in order to defeat Defendants' motion, that "no reasonably competent officer would have concluded that a[n arrest] should issue" under the circumstances found in this case. *Thomas v. Culberg,* 741 F.Supp. 77, 81 (S.D.N.Y.1990) (quoting *Robison v. Via,* 821 F.2d 913, 921 (2d Cir.1987)). This is an objective standard which precludes Defendant raising a subjective good faith defense. By contrast, it is inappropriate to protect an officer's improper conduct with a grant of qualified immunity when that conduct is the cause of arrestee's actions which gave rise to probable cause to arrest him. *Rinaldi v. Hernandez,* 756 F.Supp. 111 (S.D.N.Y.1990) (LEXIS, Genfed library, Dist. file).

■ The standard established by the Supreme Court is set out in *Anderson v. Creighton,* 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). The Court found that "it is inevitable that law enforcement officials will in some cases reasonably but mistakenly conclude that probable cause is present, and ... in such cases those officials ... should not be held personally liable." 483 U.S. at 641, 107 S.Ct. at 3039, 97 L.Ed.2d at 531. *See Malley v. Briggs,* 475 U.S. 335, 345–46, 106 S.Ct. 1092, 1098, 89 L.Ed.2d 271, 281 (1986) (Adopting an "objective reasonableness" standard: "Only where the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable,

will the shield of immunity be lost."). One court has held that, where probable cause was lacking for a warrantless arrest, "if [probable cause] is not 'clearly' lacking, the officer will be shielded by qualified immunity from civil liability." *Thomas v. Culberg, supra,* at 81 (citing *Floyd v. Farrell,* 765 F.2d 1, 5 (1st Cir.1985)).

In applying the objective reasonableness standard to this case, we cannot find that probable cause was so clearly lacking as to defeat Officer Brunelle's claim to qualified immunity. Therefore, he is entitled to qualified immunity and granted summary judgment on this ground.

## III. *Custom or policy of Municipal Defendants.*

■ The Supreme Court in *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), set forth the standard for establishing liability of a municipality for the actions of its employees under § 1983. Plaintiffs must allege facts which indicate existence of a custom, practice, regulation or policy which causes an employee to violate another's constitutional rights. *See Ayers v. Coughlin,* 780 F.2d 205 (2d Cir.1985); *Batista v. Rodriquez,* 702 F.2d 393 (2d Cir.1983). A court must find three elements in order to find liability: 1) an official policy or custom 2) causes Plaintiff to be subjected to 3) denial of a constitutional right. *Martin v. City of New York,* 627 F.Supp. 892 (E.D.N.Y.1985). Further, the complaint must allege particular facts which indicate a specific custom or policy.

■ Plaintiffs have failed to allege any facts beyond mere conjecture and hyperbole which would indicate a custom or practice of Defendants City of New York and its Police Department. Therefore, their claim cannot survive Defendants' summary judgment motion.

## CONCLUSION

Based on the undisputed facts, and construing any disputed facts in the light most favorable to the non-moving party, this court grants Defendants' motion for summary judgment as to Officer Brunelle on

the ground of qualified immunity. Summary judgment is granted as to Defendants City of New York and the New York City Police Department as Plaintiffs have not alleged sufficient facts to show municipal policy or custom. The complaint shall be dismissed as to these counts.

Further, this court holds that summary judgment in favor of Defendants is inappropriate as to their claim of probable cause and therefore the motion is denied. Plaintiffs' state law claims are dismissed for lack of jurisdiction.