■ MICHAEL J. NAVARRO, Respondent, v FEDERAL PAPER BOARD COMPANY, INC., et al., Appellants.—Harvey, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Benson, J.), entered May 30, 1991 in Dutchess County, which denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff, employed by defendant Federal Paper Board Company, Inc. (hereinafter defendant), was also a union official for Graphic Communications International Union AFL-CIO, Local 414. In October 1989, plaintiff suffered a job-related injury while employed in defendant's factory and was required to

remain away from his work. Shortly after the accident, Robert Carroll, defendant's employee relations manager, informed plaintiff that he would be allowed access to the factory in order to conduct union business only if he first made arrangements with Carroll. Carroll also sent plaintiff a letter informing him that arrangements to see employees during their work shift would be required to be made through Carroll and that union business would be conducted in a conference room. Plaintiff stated that his access to the factory was further hindered by the fact that the building had a new security system and he was not issued an authorization card. When he did visit the factory during this period he had to telephone in advance or ring a bell to gain entry.

Thereafter, on January 8, 1990, plaintiff arrived at the factory without previously arranging the visit with Carroll, reportedly to investigate complaints concerning unsafe working conditions. Plaintiff was asked two or three times by defendant Peter H. Hill to leave the factory. Carroll came to the scene and offered to let plaintiff use a conference room to meet with employees but plaintiff refused, stating that he was there to observe the working conditions. Plaintiff continued to refuse to leave the premises despite several requests and warnings. Ultimately Carroll called the police. Plaintiff was arrested, handcuffed and taken to the police station where he remained in custody for approximately one hour. Carroll and Hill followed plaintiff to the police station and a criminal complaint against plaintiff was signed by Hill. Plaintiff was arraigned on a charge of criminal trespass in the third degree and released on his own recognizance. Defendant soon dropped the charge against plaintiff. Plaintiff then commenced this action alleging malicious prosecution, false imprisonment and intentional infliction of emotional distress. Following joinder of issue, defendants moved for summary judgment dismissing the complaint. Supreme Court denied this motion and defendants now appeal.

We reverse. Initially, we find that Supreme Court erred in failing to dismiss plaintiff's causes of action for malicious prosecution and false imprisonment. Significantly, a lack of probable cause to arrest or prosecute is an essential element of both of these torts (see, Pantazis v Bleau Towing Serv., 145 AD2d 816, 817; Hallenbeck v City of Albany, 99 AD2d 639). The issue of probable cause can be decided as a matter of law "where there is no real dispute as to the facts or the proper inferences to be drawn from such facts" (Parkin v Cornell

*Univ.,* 78 NY2d 523, 529). Here, plaintiff was arrested for criminal trespass in the third degree, a class B misdemeanor which essentially occurs when an individual "knowingly enters or *remains unlawfully* in a building or upon real property [meeting certain conditions]" (Penal Law § 140.10 [emphasis supplied]). Defendants' evidence and witnesses indicate that plaintiff's presence in the factory was only permitted with prior approval from management. Plaintiff contends that the rule was not so rigid and that he entered the factory on several previous occasions without prior permission and with the knowledge of defendant's employees.

Nevertheless, with respect to the question of whether plaintiff knowingly remained unlawfully in the factory, we find the proof establishes a different result. "A trespass may consist, not only in making an unauthorized entry upon private property, but in refusing to leave after permission to remain has been withdrawn" *(Rager v McCloskey,* 305 NY 75, 79). It is well settled that a license or privilege to remain in a building or public place "may be terminated by a 'lawful' order not to * * * remain which is 'personally communicated' to the prospective trespasser by the owner or other authorized person. A person who defies such order will have * * * remained unlawfully on the premises" (Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law art 140, at 10; *see,* Penal Law § 140.00 [5]).

Notably, plaintiff in this case does not dispute the fact that he was repeatedly asked to leave the factory by both Hill and Carroll and was warned of the consequences if he did not. Plaintiff makes no assertion that Hill and Carroll were unauthorized to make such a request on defendant's behalf or that defendant could not order him to leave. When questioned at his examination before trial as to why he remained after being asked to leave, plaintiff stated only that he would not leave because he still had union business to conduct. However, there is no proof or testimony from plaintiff that his union activities gave him the right to ignore the wishes of defendant and allowed him to roam at will after he was asked to leave. On the contrary, plaintiff's description of the letter he received from Carroll detailing the limits to which plaintiff would be placed in visiting the building, and also plaintiff's difficulty in accessing the building without a security card, demonstrate plaintiff's awareness of the restrictions that could and would be placed on his presence in the building. The fact that plaintiff's presence might have occasionally been toler-

ated without his first obtaining prior permission does not mean that he could remain following a lawful order to leave. Accordingly, because there was probable cause for plaintiff's arrest for trespass as a matter of law, plaintiff's claims for false imprisonment and malicious prosecution should have been dismissed.

To whatever extent plaintiff may be asserting that he had a *right* to remain on defendant's premises after he was told to leave, based upon a claimed past practice, the malicious prosecution and false imprisonment causes of action would be barred by the doctrine of Federal preemption. The claimed past practice apparently is that, as a union official, plaintiff was previously allowed to conduct union business on plant premises. Clearly, such a right to lawfully remain on plant premises would not be one created under State law. It necessarily follows that plaintiff's right to remain on the premises after being told to leave was lawful, if at all, because it was an activity protected by Federal labor law, i.e., National Labor Relations Act § 7 (29 USC § 157), or because, as a past practice, it was a part of the collective bargaining agreement and, therefore, could not be unilaterally revoked *(see, Steelworkers v Warrior & Gulf Co.,* 363 US 574, 581-582). Federal preemption applies so as to preclude State regulation through State criminal law or tort law of activities protected by the National Labor Relations Act *(see, Brown v Hotel Empls.,* 468 US 491, 501-502). Likewise, if, in the only other alternative source of plaintiff's legal entitlement to remain after being told to leave, plaintiff claims that he has a right arising out of a past practice guaranteed under the collective bargaining agreement, the claim is preempted by section 301 of the Labor Management Relations Act of 1947 (29 USC § 185). "Section 301 governs claims founded directly on rights created by collective-bargaining agreements, and also claims 'substantially dependent on analysis of a collective-bargaining agreement' " *(Caterpillar Inc. v Williams,* 482 US 386, 394, quoting *Electrical Workers v Hechler,* 481 US 851, 859, n 3).

As for plaintiff's remaining cause of action for intentional infliction of emotional distress, we find that this claim also fails as a matter of law and should have been dismissed. In order to establish a cause of action for intentional infliction of emotional distress, a plaintiff must show that the defendant engaged in "extreme and outrageous conduct, which so transcends the bounds of decency as to be regarded as atrocious and intolerable in a civilized society" *(Freihofer v Hearst*

*Corp.*, 65 NY2d 135, 143; *see, MacLeay v Arden Hill Hosp.*, 164 AD2d 228, 231, *lv denied* 77 NY2d 806). Here, plaintiff alleges that his arrest in front of his fellow workers was sufficiently egregious to meet this standard. As a result of this humiliation, plaintiff claims he suffered stress and anxiety even though he consulted no mental health professional about these symptoms and was not diagnosed as suffering from a mental or emotional problem. It is our opinion that the conduct involved here was not so extreme and outrageous that it went beyond the bounds of human decency. Further, plaintiff's claim of a severe emotional injury is not established on this record. Consequently, this claim should also have been dismissed and the entire complaint against defendants dismissed.

In light of the foregoing resolution of the issues, it is unnecessary for us to consider defendants' alternative arguments.

Mikoll, J. P., Levine, Mercure and Crew III, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendants and complaint dismissed.