■ CRAIG W. STRATTON, JR., Appellant, v CITY OF ALBANY, Respondent. [612 NYS2d 286] —Cardona, P. J., Appeals (1) from an order of the Supreme Court (Kahn, J.) in favor of defendant, entered April 5, 1993 in Albany County, upon directed verdicts in favor of defendant on plaintiff's causes of action alleging malicious prosecution, false arrest and imprisonment, and negligence, and (2) from the judgment entered thereon.

This case stems from plaintiff's arrest without a warrant by two of defendant's police officers on or about November 16, 1987. Plaintiff was one of two persons charged with robbery in the first degree for an incident which occurred at Albany Springs Service in the City of Albany at approximately 6:43 A.M. on September 27, 1987. During the instant trial, Corey Bailey, an employee of Albany Springs Service, testified that he arrived at work that day between 6:30 and 6:45 A.M. As he was getting out of his car, parked 20 to 50 feet from the front door of the business, he observed his supervisor, Billy Doran, enter the business and a black male exit. After about 15 to 20 seconds, Doran came out of the building and yelled to Bailey to chase the black male, who by then was running. Bailey chased the man but could not catch him. The crime report from that day indicates that Bailey described the black male as 20 years old, 5 feet 9 inches tall and weighing 160 pounds.

Following a preliminary hearing held in December 1987, plaintiff was ordered held for the Grand Jury. On January 19, 1988, the Grand Jury dismissed the charge. Plaintiff commenced this action for assault and battery, false arrest and imprisonment, malicious prosecution and negligence. At the close of the proof, Supreme Court ruled on defendant's earlier motions to dismiss the causes of action for false arrest and imprisonment, malicious prosecution and negligence, by directing verdicts on these actions in defendant's favor. The jury returned a verdict in defendant's favor on the assault and battery action. Plaintiff appeals, as limited by his brief, from the directed verdicts.

In reference to the cause of action alleging false arrest and imprisonment, plaintiff's warrantless arrest gave rise to a presumption that the arrest and imprisonment were unlawful *(see, Broughton v State of New York,* 37 NY2d 451, 458, *cert denied sub nom. Schanbarger v Kellogg,* 423 US 929; *Berson v*

*City of New York,* 122 AD2d 7, 8, *lv denied* 69 NY2d 606). In order to prevail against plaintiff on this cause of action, it was incumbent upon defendant to establish legal justification as an affirmative defense, based upon proof that at the time of the arrest the police possessed probable cause to believe that plaintiff committed the robbery *(see, Broughton v State of New York, supra; Veras v Truth Verification Corp.,* 87 AD2d 381, 384, *affd* 57 NY2d 947). Because probable cause is also an essential element of malicious prosecution *(see, Navarro v Federal Paper Bd. Co.,* 185 AD2d 590, 591), the dispositive issue on this appeal is whether there was probable cause, as a matter of law, to arrest plaintiff. Reasonable or probable cause* has been defined as "such grounds as would induce an ordinarily prudent and cautious person, under the circumstances, to believe that plaintiff had committed the felony" *(Smith v County of Nassau,* 34 NY2d 18, 25).

The circumstances leading up to plaintiff's arrest are as follows. Bailey testified that he was at work on November 16, 1987 when three black males walked by pushing a yellow motorcycle, one of whom he recognized as the person he saw fleeing the scene of the earlier robbery. He told his supervisor who called the police. Police Officer Edward Conroy testified that he responded to Albany Springs Service, that this was his first involvement with the case and that he had not read the crime report until after he had arrested plaintiff. Upon arrival at Albany Springs Service, Conroy met with Bailey who told him about his observation of plaintiff fleeing the scene of the earlier robbery and also that he just observed him again in the company of two other black males pushing a yellow motorcycle. Bailey described plaintiff to Conroy as a black male, 5 feet 9 inches tall, wearing a purple hooded sweatshirt with a gray sweater. At the same time, the police also had in their possession a recent report of a yellow motorcycle stolen in the vicinity.

Conroy, joined by Police Officer Steven Stella patrolling in a separate marked car, observed the three men pushing the yellow motorcycle. Upon seeing the police, one man fled the scene on the motorcycle. Plaintiff and the other man ran and the police pursued, losing sight of the two for approximately 30 to 60 seconds. When observed again, both were running. Conroy approached them at a high rate of speed, hit the brakes and came sliding up to them. He got out of his car and

---

* The terms are used interchangeably *(see, Veras v Truth Verification Corp., supra).*

demanded that they stop. They complied. Both men were out of breath and sweating and Conroy observed that plaintiff was wearing the purple sweatshirt. Plaintiff was handcuffed and both were placed in the back of Conroy's police car and transported to Albany Springs Service where Bailey positively identified plaintiff as one of the three persons he saw some 15 minutes earlier with the motorcycle and also as the same person he saw fleeing the robbery scene. Neither victim could identify plaintiff as one of the robbers.

Conroy acknowledged that plaintiff stated that he could not have committed the robbery at Albany Springs Service because he was at work at 7:00 A.M. at Capital Bakery located two tenths of a mile from Albany Springs Service. Plaintiff testified that on September 28, 1987 he was employed on the floor crew at Capital Bakery and that on that day he left his house at 6:30 A.M., walked to work and arrived there at 7:00 A.M. The record indicates that plaintiff, a black male, was 18 years old, 5 feet 11 inches to 6 feet tall, and weighed 140 to 145 pounds in September 1987. Plaintiff acknowledged that he and his companion were in the company of another man with a yellow motorcycle prior to the arrest. He testified that neither he nor his companion ran from the police prior to be being taken into custody on November 16, 1987.

Taking into account the circumstances known to Conroy at the time of the arrest, we find, *as a matter of law,* that his reliance on Bailey's identification of plaintiff was reasonable *(see, Smith v County of Nassau,* 34 NY2d 18, 24-25, *supra)* and agree with Supreme Court that defendant met its burden of establishing probable cause *(see, Parkin v Cornell Univ.,* 78 NY2d 523, 529; *Smith v County of Nassau, supra,* at 25; *Veras v Truth Verification Corp.,* 87 AD2d 381, 384, *supra)* because there is no *real* dispute as to the essential facts underlying the arrest or the proper inferences to be drawn from those facts *(see, Parkin v Cornell Univ., supra; Veras v Truth Verification Corp., supra).* Accordingly, we find that Supreme Court properly directed verdicts dismissing plaintiff's causes of action for false arrest and imprisonment, as well as malicious prosecution.

Finally, Supreme Court did not err when it directed a verdict dismissing plaintiff's cause of action sounding in negligent investigation. The police were under no obligation to investigate plaintiff's claimed alibi *(see, Gisondi v Town of Harrison,* 72 NY2d 280, 286; *Brown v City of New York,* 60 NY2d 893)* (especially because it was entirely possible for plaintiff to have committed the robbery at 6:43 A.M. and been

at his job by 7:00 A.M.) or develop every lead that may have yielded evidence beneficial to him *(see, Gisondi v Town of Harrison, supra,* at 285).

Mercure, White, Weiss and Yesawich Jr., JJ., concur. Ordered that the order and judgment are affirmed, without costs.

