■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENO LEE, Appellant. [628 NYS2d 332] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Koch, J.), rendered March 23, 1993, convicting him of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of the defendant's renewed motion to suppress identification evidence.

Ordered that the matter is remitted to the Supreme Court, Kings County, to hear and report on the defendant's renewed motion to suppress identification testimony and the appeal is held in abeyance in the interim. The Supreme Court, Kings County, is to file its report with all convenient speed.

The defendant is alleged to have shot the complainant in the buttocks. Several weeks following the incident he was arrested and charged with, *inter alia,* criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and reckless endangerment in the first degree. Following the defendant's arrest, two eyewitnesses to the incident identified the defendant in a lineup as the person who shot the complainant. The court denied the defendant's motion for a *Dunaway* hearing based upon the People's representation in their response to the defendant's omnibus motion that the defendant was lawfully arrested after the complainant identified the defendant by first name and in a photographic array.

During the prosecutor's opening statement, the defendant learned for the first time that the complainant had not seen the shooter and, therefore, his identification of the defendant in the photographic array was not based upon his personal knowledge of the events. The defendant thereafter renewed his motion for a *Dunaway* hearing to explore the basis for his arrest.

Although the probable cause necessary to effect a warrantless arrest may be supplied, in whole or in part, through hearsay information *(see, People v Parris,* 83 NY2d 342, 345; *People v Johnson,* 66 NY2d 398, 402; *People v Bigelow,* 66 NY2d 417, 423; *People v Cruz,* 191 AD2d 507, 508), there must be some indication that the informant is reliable and has a basis for his or her knowledge *(see, People v Johnson, supra; People v Bigelow, supra; People v Brown,* 205 AD2d 791). Here, the record is unclear as to the basis of the complainant's knowledge that the defendant was the shooter. Since the police relied solely upon the complainant's identification of the defendant in the photographic array in effecting the defendant's arrest, the trial court should have granted the defendant's renewed motion for a *Dunaway* hearing *(see, Dunaway v New York,* 442 US 200) to resolve this factual issue *(see,* CPL 710.40 [4]). Bracken, J. P., Ritter, Joy and Goldstein, JJ., concur.