■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENO LEE, Appellant. [645 NYS2d 322] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Koch, J.), rendered March 23, 1993, convicting him of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

The appeal brings up for review the denial, without a hearing, of the defendant's renewed motion to suppress identification evidence. By decision and order of this Court dated June 5, 1995 *(see, People v Keno,* 216 AD2d 326), the matter was remitted to the Supreme Court, Kings County, to hear and report on the defendant's renewed motion to suppress identification testimony and the appeal was held in abeyance in the interim. The Supreme Court, Kings County, has conducted a hearing and filed its report.

Ordered that the judgment is affirmed.

We agree with the Supreme Court's determination, made after the hearing, that the arresting detective had probable cause to arrest the defendant based on the information provided to him by the shooting victim. It is well settled that information provided by an identified citizen accusing another individual of the commission of a specific crime is sufficient to provide the police with probable cause to arrest. Here, the shooting victim advised the detective that he had been shot by a person named Keno who was approximately six feet, three inches tall, had a close-shaved head with "dreds", was light skinned, and worked at the Empire Skating Rink. This quantum of information was sufficient to establish probable cause *(see, Minott v City of New York,* 203 AD2d 265).

In any event, under the circumstances presented herein, the line-up identifications of the defendant were properly admitted in evidence since the line-up identification procedure was sufficiently attenuated from the defendant's arrest to remove any taint *(see, People v Watson,* 200 AD2d 643). Bracken, J. P., Ritter, Joy and Goldstein, JJ., concur.