■ MARY L. SAUNDERS, Appellant, v COUNTY OF WASHINGTON, Respondent. [680 NYS2d 743] —Carpinello, J. Appeal from an order of the Supreme Court (Dier, J.), entered July 16, 1997 in Washington County, which granted defendant's motion for summary judgment dismissing the complaint.

In July 1992, plaintiff resigned from her position as a payroll clerk with defendant's Sheriff's Department effective August 1, 1992. Prior to her departure, plaintiff informed a co-worker, Joanne Murone, that she had deleted the 1991 budget report from the computer system and planned on deleting other files. On July 22, 1992, Murone reported this information to a senior account clerk and plaintiff's computer access code was deactivated by the Deputy Sheriff that same day. The following day, plaintiff was nevertheless observed using the computer in the communications center between 9:30 A.M. and 9:45 A.M. On July 24, 1992, a current purchase order list could not be retrieved from the computer by the senior account clerk. A

computer audit revealed that on July 23, 1992 between 9:30 A.M. and 9:42 A.M. someone had accessed the computer from the communications center using Murone's access code and deleted over 100 files.

Upon being asked about the deleted files, plaintiff admitted to the Sheriff that she had used Murone's access code without permission to delete them. She claimed, however, that she did not intentionally delete current files. During the State Police investigation that followed, plaintiff gave a written statement. In this statement, plaintiff indicated that she had been the subject of harassment at work and readily acknowledged that, after being denied access to the computer system, she used Murone's code to delete files in an "attempt to show the department the value of [her] services".

Plaintiff was arrested and charged with a felony count of computer trespass (Penal Law § 156.10 [2]) and a misdemeanor count of tampering with public records in the second degree (Penal Law § 175.20).* After the felony charge was reduced to a misdemeanor, a jury acquitted her of all charges. Thereafter, she commenced this action alleging false arrest, malicious prosecution and defamation. At issue on appeal is the propriety of Supreme Court's order granting defendant summary judgment.

Plaintiff maintains that Supreme Court erred in dismissing her causes of action for malicious prosecution and false arrest. Plaintiff's warrantless arrest gave rise to a presumption that her arrest and imprisonment were unlawful (*see, Broughton v State of New York*, 37 NY2d 451, 458, *cert denied sub nom. Schanbarger v Kellogg*, 423 US 929). To defeat the false arrest claim, therefore, defendant had to establish legal justification as an affirmative defense based upon proof that, at the time of the arrest, the State Police possessed probable cause to believe that she committed computer tampering (*see, id.; see also, Veras v Truth Verification Corp.*, 87 AD2d 381, 384, *affd on opn below* 57 NY2d 947). Since the lack of probable cause is also an essential element of malicious prosecution, the dispositive issue on appeal is whether there was probable cause, as a matter of law, to arrest plaintiff (*see, Stratton v City of Albany*, 204

---

* As relevant here, a person is guilty of computer trespass when he or she knowingly uses a computer without authorization and "thereby knowingly gains access to computer material" (Penal Law § 156.10 [2]). With respect to the tampering with public records count, "[a] person is guilty of tampering with public records in the second degree when, knowing that he [or she] does not have the authority of anyone entitled to grant it, he [or she] knowingly removes * * * any record or other written instrument filed with, deposited in, or otherwise constituting a record of a public office or public servant" (Penal Law § 175.20).

AD2d 924, 925; *Navarro v Federal Paper Bd. Co.*, 185 AD2d 590, 591). The existence of probable cause can be decided as a matter of law "where there is no real dispute as to the facts or the proper inferences to be drawn from such facts" (*Parkin v Cornell Univ.*, 78 NY2d 523, 529). Probable cause is defined as " 'such grounds as would induce an ordinarily prudent and cautious person, under the circumstances, to believe that plaintiff had committed the [crime]' " (*Stratton v City of Albany, supra*, at 925, quoting *Smith v County of Nassau*, 34 NY2d 18, 25).

Here, the unrefuted evidence in the record, including plaintiff's own admissions and the statements of her co-workers, supports a finding that a reasonable person would have believed that plaintiff had committed the crimes for which she was arrested. Accordingly, we agree with Supreme Court that at the time of the arrest, the State Police, as a matter of law, had probable cause "because there is no *real* dispute as to the essential facts underlying the arrest or the proper inferences to be drawn from those facts" (*Stratton v City of Albany, supra*, at 926 [emphasis in original]).

Even if one were to assume the existence of a question of fact on the issue of probable cause, we would still conclude that the false arrest and malicious prosecution claims were properly dismissed. In order to establish a cause of action for false arrest, a plaintiff must show that the defendant intended to confine her and, with respect to malicious prosecution, that the defendant initiated the criminal proceeding (*see, Broughton v State of New York*, 37 NY2d 451, 456-457, *supra*). Plaintiff maintains that defendant solicited the State Police to act as its "agent" in her confinement and prosecution. However, there is no evidence that any employees of defendant confined plaintiff (*see, Carrington v City of New York*, 201 AD2d 525, 526-527), and the mere reporting of an alleged crime to police or providing them with truthful information is insufficient to establish that defendant "importuned" the authorities to act as required for a cause of action in malicious prosecution (*see, Celnick v Freitag*, 242 AD2d 436, 437; *DeFilippo v County of Nassau*, 183 AD2d 695, 696). Here, the unrefuted evidence reveals that the State Police, after an independent investigation, confined and arrested plaintiff. Plaintiff has offered no substantive proof to the contrary (despite several years of opportunity for discovery).

Finally, Supreme Court correctly dismissed plaintiff's defamation claim based upon a press release issued by defendant reporting plaintiff's arrest. As noted by Supreme Court, truth constitutes a complete defense to such a claim (*see, Jung Hee Lee Han v State of New York*, 186 AD2d 536, 537; *see also,*

*Schwartzberg v Mongiardo*, 113 AD2d 172, 174, *lv denied* 68 NY2d 602). Although plaintiff disputes the truth of the statement in the press release that "discrepancies" were found in the course of the computer audit, she herself conceded in her statement to the State Police that she deleted important 1992 budgetary files, albeit "in error". Since there is no substantive factual dispute that all statements made in the press release were true, plaintiff's defamation cause of action was also properly dismissed.

Cardona, P. J., Mikoll, Crew III and White, JJ., concur. Ordered that the order is affirmed, without costs.