■ JONATHAN ORMINSKI, Respondent, v VILLAGE OF LAKE PLACID, Appellant. [702 NYS2d 181] —Carpinello, J. Appeal from an order of the Supreme Court (Dawson, J.), entered April 19, 1999 in Essex County, which denied defendant's motion for summary judgment dismissing the complaint.

This action for false imprisonment, malicious prosecution and civil rights violations stems from plaintiff's arrest in the Village of Lake Placid, Essex County, on November 2, 1995 for rape and sodomy in the first degree. The complainant was a woman that plaintiff had met at a party the previous evening. At approximately 3:30 A.M. on November 2, 1995, plaintiff arrived at the cottage where the complainant was staying—an encounter which he claims was prearranged—and was led to the complainant's bedroom by her cousin, Christina Snyder. After some small talk, according to plaintiff, they engaged in consensual oral sex and sexual intercourse which did not last for long because the complainant became sick. When she did not respond to his inquiries about "what was going on", plaintiff got mad and left to drive James Collette, a friend who had accompanied him to the cottage, home. When plaintiff returned to the cottage shortly thereafter to check on the complainant, she was crying and had told Snyder that plaintiff raped her. After contacting the police, the complainant was taken to a local hospital by two Village of Lake Placid patrolmen for a rape kit examination. Thereafter, she was taken to the police station and interviewed by Village of Lake Placid Police Detective James Dowie. She gave him an oral statement accusing plaintiff of having nonconsensual sexual intercourse with her, which was later reduced to writing, albeit after plaintiff's arrest.

Upon learning that the police were looking for him in connection with the complainant's allegations, plaintiff voluntarily presented himself to the police station between 8:45 and 9:00 A.M. on November 2, 1995. He too gave an oral statement to Dowie, claiming that he engaged in consensual sexual relations with the complainant a few hours earlier. Dowie's

questioning of plaintiff stopped when he requested the presence of an attorney. At approximately 9:50 A.M. that day, Dowie placed plaintiff under arrest. After the complainant had second thoughts about pursuing the charges, the District Attorney ultimately decided not to prosecute the matter, finding insufficient credible evidence to support a prosecution. Plaintiff's action against defendant followed. Supreme Court's order denying defendant summary judgment has prompted this appeal.

The dispositive issue on appeal is whether there was probable cause, as a matter of law, to arrest plaintiff (*see, e.g., Saunders v County of Washington*, 255 AD2d 788, 789). The presence or absence of probable cause—defined as "such grounds as would induce an ordinarily prudent and cautious person, under the circumstances, to believe that plaintiff had committed the [crimes]" (*Smith v County of Nassau*, 34 NY2d 18, 25)—can be decided as a matter of law where the facts leading up to an arrest and inferences to be drawn therefrom are not in dispute (*see, Parkin v Cornell Univ.*, 78 NY2d 523, 529; *Kramer v City of New York*, 173 AD2d 155, 156, *lv denied* 78 NY2d 857). The parties agree that the essential facts leading up to plaintiff's arrest are not in dispute. Defendant claims that such facts establish as a matter of law that Dowie had probable cause to arrest plaintiff, and plaintiff claims otherwise. We agree with defendant and, accordingly, reverse.

Here, the complainant reported the alleged crime within hours of its occurrence (*but see, Minott v City of New York*, 203 AD2d 265, *lv dismissed* 83 NY2d 1000), endured a rape kit examination at the local hospital and presented herself in such a way that Dowie believed her accusations to be true. According to Dowie, based on the demeanor of plaintiff, as well as the complainant's "demeanor, her state of mind, how she looked, how she acted, and what she told [him] and [the fact] that she said it was truthful", he believed that plaintiff had raped her and, accordingly, placed him under arrest. Notably, "information provided by an identified citizen accusing another individual of the commission of a specific crime is sufficient to provide the police with probable cause to arrest" (*id.*, at 267; *see, People v Lee*, 229 AD2d 504, 505, *lv denied* 89 NY2d 925; *Kramer v City of New York, supra*, at 156; *People v Gonzalez*, 138 AD2d 622, 623, *lv denied* 71 NY2d 1027). Defendant's denial of the acts notwithstanding, we find that the facts and circumstances reasonably justified Dowie's belief that plaintiff was guilty of the charged crimes (*see, Coleman v City of New York*, 182 AD2d 200, 204-205, n [an accused's exculpatory statement does not negate the existence of probable cause]; *see also, Minott v City of New York, supra*).

Plaintiff contends that because Dowie was faced with conflicting statements he lacked probable cause to arrest him. We disagree. Police officers are routinely called upon to investigate allegations of criminal conduct and, in the face of conflicting versions of events, make determinations whether probable cause exists to believe that crimes have been committed. Thus, the scenario with which Dowie was presented was certainly not atypical, particularly where the offense alleged to have been committed was a sexual assault to which there are usually no witnesses. As noted by the Court of Appeals in *Gisondi v Town of Harrison* (72 NY2d 280, 285), "[i]n any investigation the police are likely to encounter discrepancies * * * These matters may impair their ability to prove guilt beyond a reasonable doubt at trial, but they generally have little bearing at preliminary stages where the only relevant concern is whether there is sufficient evidence to show probable cause to believe the defendant committed the crime". Plaintiff further claims that the written statements of Collette and Snyder contradicted the complainant's accusations, proved that the intercourse was indeed consensual and thereby negated probable cause. Upon our review of these statements, we do not find that they refute the complainant's allegations. Neither stated that he or she was in the room when the alleged crimes took place. Moreover, Snyder's statement confirmed many aspects of the complainant's version of events. According to Snyder, who readily acknowledged in her statement that she did "not know[ ] what went on", when plaintiff left the complainant's bedroom that morning, the complainant was crying and accusing him of rape. We further note that Snyder's statement contradicted plaintiff's version of events to police. According to Snyder, plaintiff "told [her] he only had oral sex with [the complainant]". As noted, plaintiff told Dowie that he had oral sex *and* sexual intercourse with the complainant. In short, we are satisfied that probable cause existed to arrest plaintiff such that summary judgment should have been granted to defendant.

Cardona, P. J., Peters, Spain and Graffeo, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.