■ JERMAINE WALLACE, Respondent, v CITY OF ALBANY, Appellant. [725 NYS2d 728] —Lahtinen, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered June 16, 2000 in Albany County, which denied defendant's motion for summary judgment dismissing the complaint.

In April 1998, plaintiff was operating his girlfriend's vehicle in the City of Albany when they engaged in an argument which escalated to the point where his girlfriend struck plaintiff in the head three times. Plaintiff thereafter bit her right hand and exited the vehicle. Plaintiff's girlfriend received medical treatment at the scene from emergency medical personnel and took herself to the hospital for further treatment. The police were contacted* and a domestic incident report, signed by plaintiff's girlfriend, was completed describing the incident and alleging injury to his girlfriend.

When plaintiff returned home late that same day, a relative informed him that the police were looking for him. Plaintiff then went to the police station and explained to the sergeant on duty about the argument that he had had with his girlfriend, admitting that he had bitten her right hand. Plaintiff was then arrested on the charge of assault in the second degree, held overnight in jail and released the next day on his own recognizance. The criminal charge against him was subsequently adjourned in contemplation of dismissal and dismissed.

Plaintiff commenced this action for false arrest in June 1999 claiming that he was unlawfully arrested and that no probable cause had existed for his arrest. Defendant answered, asserting numerous affirmative defenses, and subsequently moved for summary judgment alleging that the police had probable

---

* Defendant maintains that plaintiff's girlfriend contacted the police but there is no proof in the record regarding who first contacted the police.

cause to arrest plaintiff. Supreme Court denied defendant's motion and defendant now appeals.

On appeal, defendant argues that members of the Albany Police Department had probable cause to arrest plaintiff given the facts existing at the time of his arrest. Plaintiff, who did not cross-move for summary judgment, requests that we search the record and grant him summary judgment (*see, Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106, 111).

Initially, we note that there is no dispute that plaintiff's arrest was effected without a warrant. A warrantless arrest gives rise to a presumption that plaintiff's arrest and subsequent detention were unlawful (*see, Smith v County of Nassau*, 34 NY2d 18, 23; *Saunders v County of Washington*, 255 AD2d 788, 789), which requires defendant to establish legal justification as an affirmative defense based upon proof that, at the time of plaintiff's arrest, the police had probable cause to believe that plaintiff committed some crime (*see, Saunders v County of Washington, supra*, at 789; *Stratton v City of Albany*, 204 AD2d 924, 925; *see also, Matter of William H.*, 264 AD2d 676, 677). Probable cause is " 'such grounds as would induce an ordinarily prudent and cautious person, under the circumstances, to believe plaintiff had committed the [crime]' " (*Orminski v Village of Lake Placid*, 268 AD2d 780, 781, quoting *Smith v County of Nassau, supra*, at 25), and does not require an awareness of a particular crime, but only that some crime may have been committed (*see, Matter of William H., supra*, at 677; *People v Wilmer*, 90 AD2d 918).

On this record, we find that defendant's police officer had probable cause to effect plaintiff's arrest. Plaintiff admitted to the officer that he had bitten his girlfriend's right hand and the police officer had a signed domestic incident report indicating that the injury resulting from this bite required treatment by emergency medical personnel at the scene and that the girlfriend was going to the hospital for further medical treatment. This gave probable cause to the police officer that plaintiff had committed a crime. Plaintiff counters that there is no evidence regarding the severity of his girlfriend's injury, if any, attributable to his bite and, therefore, the record lacks any indicia of a "physical injury" (*see*, Penal Law § 10.00 [9]), much less a "serious physical injury" (*see*, Penal Law § 10.00 [10]), a necessary element of the crime for which he was arrested (*see*, Penal Law § 120.05 [1]). Supreme Court agreed with plaintiff, finding that proof of probable cause was lacking where it does not include some proof that the bite actually caused impairment of his girlfriend's physical condition. In

support of its ruling, Supreme Court cited *People v Estes* (131 AD2d 872), which involved an appeal from a judgment of conviction for assault in the third degree resulting from a human bite to a victim's hand. The Second Department reversed the judgment finding the proof legally insufficient to establish the necessary element of physical injury in the absence of any evidence of physical impairment or the duration or degree of pain suffered by the victim (*id.*, at 872).

Plaintiff's argument and Supreme Court's decision ignore the fact that "[p]robable cause does not require a legally sufficient case for conviction after trial" (*Matter of William H.*, 264 AD2d 676, 677, *supra*; *see*, *People v Bigelow*, 66 NY2d 417, 423) and that while "matters may impair [this] ability to prove guilt beyond a reasonable doubt at trial * * * they generally have little bearing at preliminary stages where the only relevant concern is whether there is sufficient evidence to show probable cause to believe the defendant committed the crime" (*Gisondi v Town of Harrison*, 72 NY2d 280, 285). Accordingly, on these undisputed facts and the proper inference drawn therefrom, we are satisfied that probable cause to arrest plaintiff existed and that defendant's motion for summary judgment dismissing the complaint should have been granted (*see*, *Saunders v County of Washington*, 255 AD2d 788, 790, *supra*). Having determined that defendant's motion should have been granted, plaintiff's request for summary judgment is denied.

Mercure, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion granted, summary judgment awarded to defendant and complaint dismissed.