■ JAQUWAINE SMITH et al., Appellants, v CITY OF NEW YORK et al., Respondents, et al., Defendant. [733 NYS2d 446] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Bruno, J.), dated September 19, 2000, as denied their motion, in effect, for leave to serve a late notice of claim and to amend their complaint to assert an additional cause of action on behalf of the infant plaintiff Jaquwaine Smith against the defendant City of New York.

Ordered that the order is affirmed insofar as appealed from, with costs.

On May 20, 1997, during the middle of the workday, the defendant Leon Madison was attempting to move his double-parked car from in front of a building (hereinafter the building), owned by the respondent City of New York, into a parking lot next door. As he was traveling on an adjacent public street, he was involved in an accident in which the infant plaintiff was injured. At the time of the accident, Madison was assigned to, and was working in, the building as a building maintenance worker. He had been working there in that capacity for a few months prior to May 20, 1997, and continued to do so for some time thereafter.

The plaintiffs served notices of claim upon the respondents (hereinafter the municipal defendants) and then sued the municipal defendants and Madison. The municipal defendants and Madison answered, asserted affirmative defenses, and cross-claimed against each other and the plaintiffs.

At Madison's examination before trial, the plaintiffs discovered that he was a City employee and was moving his car during the workday. The plaintiffs then sought, *inter alia*, leave to, in effect, serve a late notice of claim on behalf of the infant plaintiff against the City in an attempt to hold it liable, under the doctrine of "respondeat superior," for Madison's alleged negligence, as well as for leave to amend their complaint to allege that claim. The Supreme Court denied the motion on the ground, *inter alia*, that the claim was meritless.

Contrary to the plaintiffs' contention, under the facts they alleged, any claim that the City is vicariously liable for Madison's actions under the doctrine of respondeat superior is patently meritless. Madison was acting solely on his own behalf in moving his car, and there is nothing in the plaintiffs' papers that raises a question of fact as to whether or not Madison was using his car to benefit the City, and/or that he was an "outside employee" who needed to use his car for the City's business (*see, Johnson v Daily News,* 34 NY2d 33; *Lundberg v State of New York,* 25 NY2d 467; *Rausman v Baugh,* 248 AD2d 8; *Hawkins v Newman,* 177 AD2d 683). Since the claim was without merit, leave to assert it was properly denied (*see, Matter of Finneran v City of New York,* 228 AD2d 596; *Bonnen v Chin Hua Chiang,* 272 AD2d 357).

In light of this determination, we need not reach the parties' remaining contentions. Ritter, J. P., Krausman, S. Miller and Florio, JJ., concur.