■ JOLENE GASPARD et al., Respondents, v NORTH SHORE UNIVERSITY HOSPITAL, Appellant, et al., Defendant. [751 NYS2d 277] —In an action to recover damages for false arrest, etc., the defendant North Shore University Hospital appeals from an order of the Supreme Court, Nassau County (Skelos, J.), entered October 23, 2001, which granted the plaintiffs' motion for leave to amend the complaint to add a cause of action for malicious prosecution against it.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

On March 9, 2000, the plaintiff Jolene Gaspard (hereinafter the plaintiff) was arrested for trespassing on the property of the defendant North Shore University Hospital (hereinafter the Hospital) by officers of the Nassau County Police Department. She and her husband subsequently commenced this action against the Hospital and the County of Nassau alleging, inter alia, false arrest. After she was acquitted of the charge of trespass in the third degree, she sought leave to amend her complaint to also assert a cause of action solely against the Hospital alleging malicious prosecution based on its alleged improper prosecution of her on the charge of trespass. The Supreme Court granted the motion. We reverse.

The plaintiff's own statements and proof confirm the Hospital's assertions that she was aware that she was on the Hospital's property, that she had received an order from a

Hospital supervisor to leave the property, and that the property appeared to be enclosed. This was sufficient to show the existence of probable cause to prosecute the plaintiff for, inter alia, criminal trespass in the third degree. It therefore negates one of the elements of the tort of malicious prosecution (*see Smith-Hunter v Harvey,* 95 NY2d 191; *Navarro v Federal Paper Bd. Co.,* 185 AD2d 590). Thus, the proposed amendment was patently without merit and should not have been allowed (*see Smith v City of New York,* 288 AD2d 293; *Monello v Sottile,* 281 AD2d 463). Florio, J.P., Krausman, Townes and Crane, JJ., concur.