■ The People of the State of New York, Respondent, v Edmond Williams, Appellant. [759 NYS2d 577] —Mercure, J.P. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered December 1, 2000 in Albany County, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

Defendant was accused in an indictment of criminal sale of a controlled substance in the third degree after two undercover officers allegedly witnessed him sell heroin. Prior to trial, defendant moved to suppress physical evidence, including money, seized from him. At the suppression hearing, it was established that the undercover officers arrested defendant based on information transmitted by police officers who observed the subject drug transaction. Detective Dennis Guiry, the sole witness at the hearing, testified that the arresting officers were directed to apprehend defendant. They were "told what [defendant] was wearing and the area [where] he was standing and they arrived and arrested him without incident." County Court (Rosen, J.) denied defendant's motion, concluding that the apprehend-

ing officers had probable cause to arrest defendant based on the information received from Guiry. After a trial, a jury convicted defendant of the sole count in the indictment. Supreme Court thereafter denied defendant's CPL 330.30 motion to set aside the verdict and sentenced defendant, as a second felony offender, to an indeterminate prison term of 9 to 18 years. Defendant appeals and we affirm.

Under the "fellow officer" rule, an arrest is lawful "even if an arresting officer lacks personal knowledge sufficient to establish probable cause * * * if the officer 'acts upon the direction of or as a result of communication with a superior or [fellow] officer * * * provided that the police as a whole were in possession of information sufficient to constitute probable cause to make the arrest' " (*People v Ramirez-Portoreal*, 88 NY2d 99, 113 [1996], quoting *People v Horowitz*, 21 NY2d 55, 60 [1967]). There is no dispute that the undercover officers who witnessed the drug transaction possessed probable cause to arrest defendant. While the People failed to present testimony regarding the information conveyed by the undercover officers to the arresting officers, they did present evidence establishing that the undercover officers expressly directed the arrest of defendant and observed that arrest from a short distance away (*cf. People v Ramirez-Portoreal, supra* at 114). Inasmuch as the People demonstrated that the arresting officers were acting at the direction of the undercover officers, defendant's suppression motion was properly denied.

We further reject defendant's argument that Supreme Court erred in denying his motion to set aside the verdict. Defendant's motion was premised on his assertion that an affidavit from the alleged purchaser of the drugs constituted newly discovered evidence. The affidavit stated that someone other than defendant sold the purchaser the heroin found on him at the time of his arrest. These assertions, however, could have been discovered prior to trial through the exercise of due diligence when the potential witness appeared in defense counsel's office and indicated that he would give exculpatory testimony. Moreover, the proffered testimony, which contradicted eyewitness accounts regarding the drug purchase, is patently unbelievable and would not have changed the outcome. Accordingly, this evidence cannot be considered "newly discovered" within the meaning of CPL 330.30 (3) (*see People v Penoyer*, 72 NY2d 936, 937 [1988], *affg on op below* 135 AD2d 42 [1988]; *People v Lewis*, 284 AD2d 172, 173 [2001], *lv denied* 97 NY2d 706 [2002]; *People v Copeland*, 185 AD2d 280, 281 [1992], *lv dismissed* 80 NY2d 902 [1992]).

Finally, we agree with the People that defendant's claims of ineffective assistance of counsel are unpersuasive. Contrary to defendant's contention, defense counsel did not err in correctly acknowledging before Supreme Court that the witness's testimony was not new evidence given that the record demonstrates that defense counsel intended to call the witness at trial. In addition, while defense counsel should have subpoenaed the witness to ensure his availability at trial, defendant fails to demonstrate that he was prejudiced by the witness's absence. Thus, we conclude that defendant did not receive ineffective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]).

Peters, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.