**Michael BERGER, Plaintiff—Appellant,**

v.

**Kevin SCHMITT, Jeff Heisler, Joseph Crean and Town of Cheektowaga, Defendants—Appellees.**

Docket No. 03–7898.

United States Court of Appeals, Second Circuit.

March 18, 2004.

William H. Berger, (Jennifer Coleman, Siegel, Kelleher & Kahn, Buffalo, NY, of counsel), Dunwoody, GA, for Appellant.

Marylou K. Roshia, Damon & Morey LLP, Buffalo, NY, for Appellees.

PRESENT: SOTOMAYOR, KATZMANN, Circuit Judges, and POLLACK, Senior District Judge.[*]

*SUMMARY ORDER*

Plaintiff-appellant Michael Berger ("Berger") appeals from the judgment of the United States District Court for the Western District of New York (Elfvin, J.) granting summary judgment in favor of defendants on plaintiff's federal claims arising out of his arrest in the parking lot of a local supermarket. On appeal, plaintiff contends that the district court erred, and improperly construed facts in favor of defendants, in finding that the defendant police officers had probable cause for his arrest and subsequent prosecution for third-degree trespass and obstructing governmental administration. Accepting plaintiff's version of the facts, however, we find that summary judgment in favor of defendants was appropriate and affirm.

We assume the reader's familiarity with the facts and underlying proceedings.

It is undisputed that after Berger intervened in a verbal altercation between Officer Schmitt and a supermarket patron, Berger was told by both the supermarket security guard and Officer Schmitt to leave. Berger started to depart, but he doubled back in order to ask the various participants to the altercation for their names and contact information. Because under New York law it is unlawful to remain on the premises after being personally given a lawful order to depart, *see* N.Y. Penal Law §§ 140.05, 140.00(5), we agree with the district court that defendants had probable cause to believe Berger was trespassing. *See Navarro v. Fed. Paper Bd. Co.*, 185 A.D.2d 590, 586 N.Y.S.2d 381, 382–83 (App.Div.1992).

Although appellant argues that the command to leave was ambiguous as to whether he should leave the parking lot or only the immediate area, we do not agree that a prudent officer could not believe that Berger had been ordered off the premises. Even Berger testified in his deposition that under the circumstances, he understood the order to mean that he should leave the parking lot. *Cf. Gaspard v. N. Shore Univ. Hosp.*, 299 A.D.2d 520, 751 N.Y.S.2d 277, 278 (App.Div.2002) (finding "plaintiff's own statements" in the record confirmed that there were facts sufficient to support finding of probable cause).

Berger also maintains that under New York law, no single owner of a jointly owned parking lot can unilaterally withdraw a patron's license to be on the premises, and, therefore, the officers did not have probable cause to arrest him for remaining in the parking lot area. Berger, however, cites no New York law that squarely supports such a proposition. Moreover, upon witnessing the security guard warn Berger that he would be arrested if he did not to leave, defendants had trustworthy information that Berger had been given a lawful order to depart.

After police officers explicitly told Berger to leave the parking lot, Berger defied that order and returned to the scene of the dispute just after the officers managed to quell the altercation. He re-approached the same security guard who had previously ordered him off the premises, and also engaged the patrons who had been a part of the altercation so that he could ask them questions and take down their contact information. Under these circumstances, prudent officers could believe that Berger was attempting to interfere with the officers' efforts to contain what had only recently been a volatile situation, and thereby was obstructing governmental administration. *See* N.Y. Penal Law § 195.05; *cf. Lennon v. Miller,* 66 F.3d 416, 424 (2d Cir.1995) (holding defendant police officers were entitled to qualified immunity because probable cause determination under § 195.05 was reasonable).

Because we find that defendants had probable cause for Berger's arrest and the two offenses with which he was charged, defendants were entitled to summary judgment on Berger's § 1983 claims alleging violation of his Fourth Amendment rights. *Boyd v. City of New York,* 336 F.3d 72, 75 (2d Cir.2003). The existence of probable cause also defeats Berger's argument's premised on Officer Schmitt's alleged mal-

intent. *United States v. Dhinsa,* 171 F.3d 721, 724–25 (2d Cir.1998). Moreover, because the existence of probable cause was at least "arguable," we find the defendants were entitled to qualified immunity. *Boyd,* 336 F.3d at 76 (internal quotation marks omitted). Having affirmed the district court's grant of summary judgment on Berger's federal claims, we need not revisit the district court's decision to decline jurisdiction over Berger's state law claims, or address Berger's arguments on appeal with respect to those claims.

The judgment is AFFIRMED.