■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELIAS PEREZ, Appellant. [849 NYS2d 355]—

Carpinello, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered March 19, 2004, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the second degree (two counts).

In satisfaction of a three-count indictment stemming from sales of cocaine to undercover police officers, defendant pleaded guilty to two counts of criminal sale of a controlled substance in the second degree. Defendant was then sentenced to consecu-

tive terms of imprisonment of five years to life and six years to life. Contending that the evidence seized upon his arrest should have been suppressed, defendant now appeals and we affirm.

As an initial matter, although defendant waived his right to appeal, a review of the plea hearing transcript reveals that County Court failed to adequately distinguish the right to appeal from those rights automatically forfeited upon a plea of guilty. Thus, defendant's oral waiver of his right to appeal was invalid and we will address his suppression argument (*see People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Lewis*, 39 AD3d 1025, 1025 [2007]; *People v Cain*, 29 AD3d 1157, 1157 [2006]).

Turning to his argument on appeal, defendant contends that County Court erred in determining that the police had probable cause to arrest him without a warrant and, as a result, the articles seized from him upon his arrest should have been suppressed. We disagree. Under the fellow officer rule, an arrest is lawful, "even if an arresting officer lacks personal knowledge sufficient to establish probable cause," so long as that officer " 'acts upon the direction of or as a result of communication with a superior or [fellow] officer or another police department provided that the police as a whole were in possession of information sufficient to constitute probable cause to make the arrest' " (*People v Ramirez-Portoreal*, 88 NY2d 99, 113 [1996], quoting *People v Horowitz*, 21 NY2d 55, 60 [1967]; *see People v Ketcham*, 93 NY2d 416, 419-420 [1999]; *People v Rosario*, 78 NY2d 583, 588-589 [1991], *cert denied* 502 US 1109 [1992]; *People v Bell*, 5 AD3d 858, 859 [2004]; *People v Williams*, 305 AD2d 802, 803 [2003], *lv denied* 100 NY2d 589 [2003]; *People v Samuels*, 270 AD2d 779, 780 [2000]). Notably, and contrary to defendant's assertion, the officer directing a defendant's arrest does not have to communicate the probable cause basis for the arrest to the arresting officers; instead, the fellow officer rule is satisfied when the officer directing the arrest possessed probable cause at the time the arrest is ordered (*see People v Ramirez-Portoreal*, 88 NY2d at 113-114; *People v Rosario*, 78 NY2d at 588-589; *People v Williams*, 305 AD2d at 803). When an arrest is challenged by a motion to suppress, the burden is on the People to establish that probable cause existed (*see People v Ketcham*, 93 NY2d at 420; *People v Ramirez-Portoreal*, 88 NY2d at 113-114).

At the suppression hearing, Fernando Ortega—a State Police investigator—testified for the People. He stated that, on the morning of defendant's arrest, he and a fellow investigator purchased a quantity of cocaine from defendant. Following the drug purchase, Ortega and his partner dropped defendant off at

the bus station where he was arrested by members of the City of Albany Police Department at the behest of Ortega. Inasmuch as the foregoing established that probable cause existed for defendant's arrest, defendant's suppression motion was properly denied (*see People v Williams*, 305 AD2d at 803).

Defendant's remaining arguments have been considered and found to be without merit.

Cardona, P.J., Spain, Kane and Malone, JJ., concur. Ordered that the judgment is affirmed.