Kavanagh, J. (dissenting in part and concurring in part).
In our view, defendants Anthony Ryan and Anthony Battuello have established as a matter of law that they had probable cause to arrest plaintiff after being informed by four different individu *767 ais that plaintiff, without provocation, struck Alisha Barbera with her hand while attending a concert at the Pepsi Arena.[1] In addition, no evidence has been presented that these two City of Albany police officers acted with malice or mistreated plaintiff in any way after she was taken into custody and while she was being processed in connection with her arrest. While Ryan and Battuello may have had other options to pursue in response to the complaint made against plaintiff, and even if we were to agree that something other than arresting plaintiff would have been more appropriate or even more reasonable, this does not negate the legality of their actions in placing plaintiff under arrest. For these reasons, we believe that all of plaintiff s claims against these officers were properly dismissed and Supreme Court’s order granting summary judgment in their favor should be affirmed.[2]
While the witnesses, to some extent, differ in their recollection of certain particulars regarding the incident, important facts critical to Ryan and Battuello’s position on their motion for summary judgment are not in dispute. In that regard, it is unrefuted that upon learning that an assault had allegedly occurred inside the arena, Ryan conducted a preliminary investigation and, during that investigation, spoke with four individuals—Alisha Barbera, her husband, defendant Marc Barbera, and two bystanders seated in the area where the incident took place. All of these individuals stated that plaintiff, without provocation, struck Alisha Barbera with her hand while she was standing with her four-year-old daughter watching the concert.[3] Moreover, these individuals, including the two bystanders, were *768 interviewed shortly after the altercation occurred, and in addition to telling the police that they had observed the incident, they each readily identified themselves, provided contact information and fully cooperated in the official investigation. In such a circumstance, it has been held to be “well settled that information provided by an identified citizen accusing another individual of a specific crime is legally sufficient to provide the police with probable cause to arrest” (People v Newton, 180 AD2d 764 [1992]; see People v Bailey, 295 AD2d 758, 759 [2002], lv denied 99 NY2d 533 [2002]; see also People v Shulman, 6 NY3d 1, 25 [2005], cert denied 547 US 1043 [2006]). This is particularly true of the information provided to Ryan by the two bystanders, neither of whom were in any way connected to the parties involved in this dispute or had any interest in its outcome. In addition, what they told Ryan regarding what had transpired between Alisha Barbera and plaintiff was “more than unsubstantiated rumor, unfounded accusation or conclusory characterization” (People v Ketcham, 93 NY2d 416, 420 [1999]). Their statements represented fact-based accounts of what transpired from two disinterested eyewitnesses who, in Ryan’s words, “were able to corroborate the victim’s version of [the] events.”
While the majority relies on the Aguilar-Spinelli test to claim that a question of fact exists as to whether the information Ryan received during his investigation was reliable, the fact is that this standard has been held to be inapplicable to testimony obtained from private citizens who have no interest or ulterior motive that could raise concerns about their credibility (see People v Taylor, 73 NY2d 683, 688 [1989]; People v Hicks, 38 NY2d 90, 93 [1975]; People v Walker, 244 AD2d 796, 797 [1997]; People v Mink, 237 AD2d 664, 666 [1997]; People v David, 234 AD2d 787, 787-788 [1996], lv denied 89 NY2d 1034 [1997]; People v Doyle, 222 AD2d 875, 875 [1995], lv denied 88 NY2d 878 [1996]). In fact, this Court has found that testimony coming from an identified citizen is “presumed to be personally reliable” (People v Bahr, 35 AD3d 909, 911 [2006] [citation omitted], lv denied 8 NY3d 919 [2007]; see People v Parris, 83 NY2d 342, 350 [1994]; People v Hetrick, 80 NY2d 344, 349 [1992]), and that such eyewitness accounts are, by themselves, sufficient to establish probable cause to “support a warrantless arrest” *769 (People v Bailey, 295 AD2d at 759; see People v Bourdon, 258 AD2d 810, 811 [1999], lv denied 93 NY2d 897 [1999]; People v David, 234 AD2d at 788; People v Renaudette, 185 AD2d 450, 451 [1992], lv denied 81 NY2d 846 [1993]). As the Court of Appeals has repeatedly held, where a private citizen “provides the authorities with information as to observed criminal activity . . . with no expectation of private gain,” the two-prong AguilarSpinelli test is not required for such a witness to be deemed reliable (People v Hicks, 38 NY2d at 94; see People v Chipp, 75 NY2d 327, 340 [1990]; see also People v Brito, 59 AD3d 1000, 1000 [2009], lv denied 12 NY3d 814 [2009]; People v Banks, 14 AD3d 726, 727 [2005], lv denied 4 NY3d 851 [2005]; People v Rivenburgh, 1 AD3d 696, 699 [2003], lv denied 1 NY3d 579 [2003]; People v Bailey, 295 AD2d at 759; People v Cantre, 95 AD2d 522, 526 [1983], affd 65 NY2d 790 [1985]).
Undoubtedly, as the majority argues, questions exist as to who actually made this arrest, where on her body Alisha Barbera was struck by plaintiff, and even what role, if any, her husband’s status as a state trooper played in the decision to place plaintiff under arrest. But given that the issue to be decided here is whether probable cause existed for plaintiffs arrest, and when considered in connection with evidence that is unrefuted and not in dispute, these questions are largely irrelevant. For example, since this is Ryan and Battuello’s motion, we must assume, for reasons previously stated, that they, and not Marc Barbera, made this arrest.[4] And while Ryan may have—at some point in this investigation—mistakenly concluded that Alisha Barbera was struck by plaintiff in the face as opposed to the rib cage or shoulder, that discrepancy, on these facts, is not so significant as to create a question of fact as to whether he had probable cause to make this arrest (see Paredes v City of New York, 73 AD3d 465, 465 [2010]; Wallace v City of Albany, 283 AD2d 872, 873 [2001]; see also People v Johnson, 245 AD2d 112, 112-113 [1997], lv denied 91 NY2d 1008 [1998]). This is especially true because, while the witnesses may differ as to where on her body Alisha Barbera was struck, there is no dispute among them that plaintiff struck her and did so with a criminal intent. Moreover, Ryan clearly did not simply rely on Marc Barbera’s statement to conclude that probable cause existed for plaintiff’s arrest. It is unrefuted that, in addition to Marc Barbera’s statement, Ryan obtained credible information from other sources—including two disinterested witnesses—that *770 confirmed Alisha Barbera’s claim that plaintiff, without provocation, struck her and this information provided him with an independent basis upon which to make this arrest (see Wallace v City of Albany, 283 AD2d at 874).
Because Ryan and Battuello had probable cause to place plaintiff under arrest, her constitutional claim brought pursuant to 42 USC § 1983 (see Martin v Rosenzweig, 70 AD3d 1112, 1113 [2010]; Payne v County of Sullivan, 12 AD3d 807, 808 [2004]), as well as her claims of false arrest and malicious prosecution (see Martinez v City of Schenectady, 97 NY2d 78, 85 [2001]; Cantalino v Danner, 96 NY2d 391, 394 [2001]; Britt v Monachino, 73 AD3d 1462 [2010]; Leftenant v City of New York, 70 AD3d 596, 597 [2010]), were properly dismissed by Supreme Court. Moreover, both officers claim—and plaintiff confirms— that excessive force was not used after she was taken into custody, and that, aside from being shackled while seated on a bench with other prisoners at police headquarters, plaintiff was not subjected to any other physical restraint. As such, plaintiffs claim alleging assault and battery for conduct that occurred while at police headquarters was also properly dismissed (see Marrero v City of New York, 33 AD3d 556, 557 [2006]). For these reasons, Supreme Court’s order dismissing plaintiffs causes of action against Ryan and Battuello should be affirmed. Malone Jr., J., concurs.
Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the motions for summary judgment dismissing (1) that part of the first cause of action..alleging a violation of 42 USC § 1983 against defendants Marc Barbera, Anthony Ryan and Anthony Battuello, and (2) the third, fourth and fifth causes of action; motions denied to said extent; and, as so modified, affirmed.

. While claiming that we are failing “to view the evidence in a light most favorable to plaintiff,” the majority does not deny—as it cannot—that by assuming that Ryan and Battuello made this arrest, we are drawing the only inference that can be made on this issue that is both favorable to plaintiff and adverse to the legal interest of these defendants. This is made manifest by the fact that on appeal Ryan takes the position—contrary to our assumption— that it was defendant Marc Barbera, an off-duty state trooper, who made the arrest and that he and Battuello merely processed it. If we were to conclude that Marc Barbera made this arrest—the only other conclusion that could be made on this issue—then many, if not all of plaintiffs claims against Ryan and Battuello and, in particular, her claim that they falsely arrested her, would, on that fact alone, have to be dismissed.

. Because questions of fact exist as to the credibility of Marc Barbera and, in particular, his assertion that he personally observed his wife being assaulted, we agree with the majority’s resolution of his motion for summary judgment.

. In pretrial depositions given almost two years after the incident, Alisha Barbera testified that plaintiff hit her with an open hand in the “rib area of my right side.” Marc Barbera recalled seeing plaintiff strike his wife “on the side, just missing my daughter.” A bystander testified to hearing plaintiff yell *768 “at the woman and her daughter to sit down and she struck the woman, then her daughter.” Her companion, who was seated next to plaintiff, testified that she observed plaintiff get “mad and hit the little girl and hit the mother (indicating) to push them down and said ‘sit down, sit down’ to each of them.” She further testified that Alisha Barbera was struck “like near [her] shoulder. I wouldn’t say face, but in that area, the general shoulder area pushing [her] down.”

. Battuello necessarily relied on the information developed by Ryan in his investigation for the determination that probable cause existed for plaintiffs arrest (see People v Ramirez-Portoreal, 88 NY2d 99, 113 [1996]; People v Perez, 47 AD3d 1071, 1072 [2008]; People v Whitehead, 23 AD3d 695, 696 [2005], lv denied 6 NY3d 840 [2006]).