*Moore v. City of New York*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
### SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of May, two thousand twenty-one.

PRESENT:   Dennis Jacobs,
           Robert A. Katzmann,
           Steven J. Menashi,
                *Circuit Judges.*

_____

CHRISTOPHER MOORE,

     *Plaintiff-Appellant*,

   v.                                                         No. 20-1202

CITY OF NEW YORK, DET. ERICK M. PARKS, DET. MARCELO LUC, DET. ELENA GONZALEZ-MUNOZ, DET. SALVATORE TRISCRITTI, SGT. JOHN HERBERT, FIRE MARSHAL CONSTANTINE KANELOPOULOS, FIRE MARSHAL JOHN ORLANDO, FIRE MARSHAL ERIC H. HANSEN,

     *Defendants-Appellees*.*

---

* The Clerk of Court is directed to amend the caption as set forth above.

*For Plaintiff-Appellant*:               Samuel C. DePaola, Sim & Depaola, LLP, Bayside, New York.

*For Defendants-Appellees*:               Tahirih M. Sadrieh, Assistant Corporation Counsel (Richard Dearing, Claude S. Platton, *on the brief*), *for* James E. Johnson, Corporation Counsel of the City of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Cogan, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED.**

Christopher Moore appeals the district court's summary judgment decision dismissing his complaint alleging numerous causes of action, including false arrest under New York law and malicious prosecution under New York law and 42 U.S.C. § 1983.[1] We review a district court's decision to grant summary judgment

---

[1] Although the district court's decision granting summary judgment explicitly addressed only some of the claims in Moore's complaint, we consider the district court's summary judgment decision as resolving Moore's case in its entirety. The decretal language at the end of the summary judgment decision reads: "The Clerk is directed to enter judgment, dismissing this case." *Moore v. City of New York*, No. 19-CV-0542, 2020 WL 1244639, at *6

de novo, viewing the record in the light most favorable to the non-moving party and drawing all reasonable inferences in that party's favor. *Samuels v. Mockry*, 77 F.3d 34, 35-36 (2d Cir. 1996). We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal.

This suit arises out of Moore's arrest, prosecution, and eventual acquittal on charges relating to a fire at Moore's apartment building that killed one resident. The fire occurred in the early morning of October 7, 2012. The police questioned Moore at a police station on the night of October 8, 2012 and formally placed him under arrest in the early morning of October 10, 2012. On October 24, 2012, a grand jury indicted Moore on charges of murder and arson. Moore was then held in pre-trial detention and was eventually acquitted of the charges after a trial on December 20, 2017. Afterward, Moore brought this civil suit seeking damages for injuries caused by his arrest and prosecution.

Moore contests the district court's conclusions that (1) the police had probable cause to arrest him, thus defeating his false arrest claim, and (2) the police had probable cause to prosecute him, thus defeating his malicious prosecution

(E.D.N.Y. Mar. 16, 2020). The district court's docket notes that the case was terminated on March 18, 2020—the date that judgment was entered on the summary judgment decision.

claims. "Probable cause is not a high bar." *District of Columbia v. Wesby*, 138 S. Ct. 577, 586 (2018) (internal quotation marks omitted). We have explained that "[p]robable cause to arrest exists when the authorities have knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." *Boyd v. City of New York*, 336 F.3d 72, 75-76 (2d Cir. 2003). The New York Court of Appeals has similarly stated that "[p]robable cause does not require proof sufficient to warrant a conviction beyond a reasonable doubt but merely information sufficient to support a reasonable belief that an offense has been or is being committed by the suspected individual." *De Lourdes Torres v. Jones*, 47 N.E.3d 747, 760 (N.Y. 2016) (internal quotation marks omitted).

In assessing Moore's false arrest claim, we consider "the circumstances known to the officer at the time of the arrest." *Smith v. Cnty. of Nassau*, 311 N.E.2d 489, 493 (N.Y. 1974). While the police did not formally place Moore under arrest until October 10, 2012, Moore argues that he was subject to custodial interrogation as early as the night of October 8. If Moore is correct, then the night of October 8 would serve as the time of Moore's arrest for the purposes of his false arrest claim. *See De Lourdes Torres*, 47 N.E.3d at 759-60; *Dunaway v. New York*, 442 U.S. 200, 216

4

(1979). Therefore, like the district court, we will assume that Moore was arrested on the night of October 8. *See Moore*, 2020 WL 1244639, at *6.[2]

By the night of October 8, the police had gathered the following information regarding Moore's possible involvement in the fire at his apartment building. Fire Marshal John Orlando determined that the fire began near a dresser located in the kitchen of Moore's apartment and that it was not caused by candles, incense, faulty wiring, or untended cooking. From discussions with witnesses and Moore, Orlando learned that Moore had been the last person in his apartment before the fire and that he left shortly before the fire began. Additionally, on the morning of October 8, Orlando received a call from Pamela McGill, another resident of the apartment building. McGill informed Orlando that, on October 6, Moore got into an argument with Shelley Kinley, who also lived in the building (and was killed in the fire), after Kinley asked Moore to turn down the music that Moore and the other residents of the building were playing during an afternoon cookout. McGill

---

[2] The district court considered evidence obtained on October 9 when assessing whether the police had probable cause to arrest Moore on October 8. *See Moore*, 2020 WL 1244639, at *6. This was error. *See Smith*, 311 N.E.2d at 493. Nevertheless, "[w]e may … affirm the judgment of the district court on any basis for which there is a record sufficient to permit conclusions of law, including grounds upon which the district court did not rely." *Pollara v. Seymour*, 344 F.3d 265, 268 (2d Cir. 2003). We do so here.

reported that, in the course of this argument, Moore said something about wanting to burn the building down.

This information supported "a reasonable belief that an offense ha[d] been ... committed by [Moore]." *De Lourdes Torres*, 47 N.E.3d at 760 (internal quotation marks omitted). Therefore, the police had probable cause to arrest Moore on the night of October 8 and his claim for false arrest fails. *See Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) (noting that probable cause is a "complete defense" to an action for false arrest under New York law).

Moore argues that we should not assume that Orlando had already determined by the night of October 8 that the fire had originated in Moore's apartment because the Fire Incident Report that detailed that finding is undated and some aspects of the report indicate that it did not issue until after Moore's arrest. The report, however, was based on surveys that Orlando conducted on October 7-8. Therefore, Moore cannot genuinely dispute that Orlando made the determination before Moore's arrest.

The probable cause the police had to arrest Moore on October 8 also precludes Moore's malicious prosecution claims. *See Frost v. N.Y.C. Police Dep't*, 980 F.3d 231, 242 (2d Cir. 2020) (noting that a lack of probable cause is an element

6

of a malicious prosecution claim under § 1983). Although "probable cause [may] dissipate" after an arrest if "the groundless nature of the charges [is] made apparent by the discovery of some intervening fact," *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 571 (2d Cir. 1996), Moore does not identify any evidence indicating that the appellees "had knowledge of some intervening fact exonerating" him, *Brown v. City of New York*, 458 N.E.2d 1248, 1249 (N.Y. 1983).

In fact, the police collected even more evidence that incriminated Moore between the night of October 8 and October 24, when a grand jury returned an indictment against him. The police learned from Moore's mother that Moore had a history of arson activity, for which he had received counseling when he was young. McGill gave a sworn statement to the police explaining that after Moore's argument with Kinley hours before the fire, Moore said, "Oh, I need to burn this mother fucker down" and that Moore had made similar statements in the past. App'x 142. McGill also reported that when Moore returned to the building hours after the fire, he gave her conflicting explanations of where he had been when the fire broke out. McGill also told the police that she overheard Moore give additional conflicting accounts to a man named Charles King. Additionally, Daniel Hernandez, who also lived in Moore's building, gave a sworn statement to the

7

police stating that Moore left the building five to ten minutes before the fire started. Both Hernandez and McGill confirmed that the fire appeared to have begun in Moore's apartment.

* * *

We have considered Moore's remaining arguments, which we conclude are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court